GALO BALZAC FARIA, recurrente, *v.* EL REGISTRADOR DE LA
PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 947.—*Sometido:* Febrero 12, 1935. *Resuelto:* Febrero 28, 1935.

 *Matías Pomales Díaz,* abogado del recurrente; el regis-
trador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tri-
bunal.

Una finca que está afecta hasta el año 1940 a un contrato
de arrendamiento a favor de Mayagüez Sugar Co., Inc., fué
hipotecada por don Mariano Nadal Lugo y su esposa para
garantizar a don Galo Balzac Faria el pago de $2,170 que le
serán satisfechos en siete plazos anuales, por los cuales sus-
cribieron los deudores siete pagarés hipotecarios a la orden
del acreedor.

La escritura de hipoteca contiene la siguiente cláusula:

"Quinta.—Que el compareciente Sr. Nadal y Lugo con el expreso
consentimiento de su esposa doña Laura Surís Marini hace cesión por
la presente al Sr. Balzac y Faria o cualquiera de los cesionarios o
endosatarios de las siete obligaciones suscritas para que con el objeto
de que se satisfaga el pago correspondiente de las obligaciones emi-
tidas, cobre en las oficinas de la corporación Mayagüez Sugar Co. los
cánones correspondientes al contrato de arrendamiento mencionado,
que deben ser pagaderos en las mismas fechas en que vencen los
plazos estipulados y expresados en la cláusula primera de este con-
trato y que a dichos efectos autorizan al notario fedante para que
notifique al administrador de dicha corporación de la cesión de los
cánones que esta cláusula expresa, aclarándose que los cánones ante-
riores al 4 de julio de 1935 no aparecen aquí cedidos porque el Sr.
Nadal y Lugo ya había dispuesto de ellos, el uno por adelanto que la
misma arrendataria le hiciera y el otro por cesión que hizo a doña
Irene Bagés de Sabater."

El Registrador de la Propiedad de Mayagüez inscribió la hipoteca. Después le fué presentada nuevamente la escritura con solicitud del acreedor de que rectificase la inscripción de la hipoteca para que relacione el contenido de la expresada cláusula quinta porque contiene la forma de pago convenida, mediante la cesión de los cánones de arrendamiento que deberá pagar Mayagüez Sugar Co., Inc. y no una simple cesión de cánones de arrendamiento. Un registrador sustituto puso al pie de la escritura lo que sigue: ''Devuelto el documento que precede, que es una copia de la escritura de hipoteca número 5 otorgada en San Germán a 24 de octubre último ante el notario José Angel Surís Agraít, con vista de un escrito suscrito por el propio notario en San Germán a 3 de diciembre actual, en el que se solicita del Sr. Registrador se sirva rectificar la inscripción de la referida hipoteca, practicada del modo que resulta de la nota puesta al calce de dicho documento, por aparecer de tal inscripción que en el registro se cometió error al no consignar el contenido de la cláusula quinta del referido documento de hipoteca, sin practicarse operación alguna por cuanto dicha cláusula se refiere a una cesión de cánones de arrendamiento que no es inscribible de acuerdo con la ley; y, en el supuesto de que tal cláusula constituyese una forma de pago en el contrato de hipoteca inscrito, ello es una condición personal para ser practicada por el abogado fedante, según ha sido autorizada en la propia cláusula, toda vez que la arrendataria Mayagüez Sugar Co., no concurre en el documento para hacerse solidaria de tal condición de pago.'' Por esto interpuso el acreedor Balzac este recurso gubernativo en el que el registrador no ha presentado alegato.

El recurrente nos pide que ordenemos al registrador la rectificación del asiento de la inscripción de la hipoteca.

Lo expuesto demuestra que no es procedente en este caso el recurso gubernativo interpuesto porque la ley de 1 de marzo de 1902 (Estatutos Revisados 2180) lo autoriza cuando el registrador deniegue o suspenda alguna inscripción, ano-

tación o cancelación, lo que no ha ocurrido en este caso pues el registrador inscribió la hipoteca constituída a favor del Sr. Balzac, quien sólo pide que se rectifique la inscripción que hizo el registrador a fin de que relacione en la misma la cláusula quinta citada, lo que constituiría una rectificación por error de concepto de un asiento hecho en el registro, por haber sido omitida en la inscripción de la hipoteca cierta cláusula que el acreedor considera debe ser incluída en ella y que el registrador estima que no debe figurar en la inscripción de la hipoteca.

El artículo 256 de la Ley Hipotecaria dice que los errores de concepto cometidos en inscripciones, anotaciones o cancelaciones, o en otros asientos referentes a ellas, cuando no resultan claramente de las mismas, no se rectificarán sin el acuerdo unánime de todos los interesados y del registrador o una providencia judicial que lo ordene. Según la resolución de la Dirección General de los Registros de España de 6 de marzo de 1883, no procede el recurso gubernativo contra la negativa del registrador a rectificar un asiento sino el juicio ordinario.

*Por lo expuesto no ha lugar a resolver el presente recurso.*