Núm. 1046.—MORALES, recurrente, *v.* REGISTRADOR, recurrido.— Junio 14, 1939.

(Por la Corte, a propuesta del Juez Asociado Sr. De Jesús.)

POR CUANTO, presentadas en el Registro de la Propiedad de Mayagüez las escrituras núms. 171 y 172 otorgadas en Mayagüez el 27 de diciembre de 1938 ante el Notario A. Ramírez Silva, el Registrador las inscribió con los defectos que consigna en las siguientes notas, puestas respectivamente al calce de cada documento:

"Inscrito el precedente documento, que es la escritura número 171 otorgada en Mayagüez a 27 de diciembre último ante el notario Amador Ramírez Silva, en cuanto a la cancelación de hipoteca y venta de la casa que el mismo comprende a los folios 214 y 216 Vto. del tomo 206 de Mayagüez, finca número 7223, e inscripciones 4ª. y 5ª., y denegada la rectificación de la inscripción 2ª. de dicha finca 7223 practicada al folio 211 Vto. del citado tomo 206 de esta ciudad con fecha 15 de julio de 1937, así como la inscripción de la cesión de derechos que hace Fernando Vélez a favor de Guadalupe Morales, tomándose en su lugar la correspondiente anotación preventiva por el término legal en ambos casos, al folio 214 del tomo 206 de Mayagüez, finca 7223, anotación A, por el siguiente fundamento: porque resultando del Registro y de esta escritura que Fernando Vélez era de estado casado cuando adquirió la finca según la inscripción 2ª. citada practicada con fecha 15 de julio de 1937, habiendo comparecido en la repetida escritura simultáneamente con la que dijo ser su legítima esposa Guadalupe Morales, no obstante esas constancias, aparece como soltero declarando que también lo era cuando hubo la precitada finca, sin que por el debido procedimiento o información judicial se haya acreditado que dichos Fernando Vélez y Guadalupe Morales tenían realmente este estado civil, requisito necesario tanto para la identidad de la persona del citado Fernando Vélez como la de Guadalupe Morales, así como en cuanto a la capacidad para verificar cesiones de derechos reales o practicar rectificaciones de asientos en este Registro con el aludido estado civil de solteros, prescindiéndose de los efectos de la inscripción practicada en cuanto respecta a los derechos que de la misma se derivan a favor de dichos cónyuges, resultando incompatibles e ineficaces en derecho la renuncia y la rectificación que interesan hacer dicho Fernando Vélez a favor o para beneficio de Guadalupe Morales. A los efectos de la rectificación que se pretende, se tuvo a la vista un escrito. La finca consta inscrita en concepto de dominio y gravada con hipoteca por $500 a favor del tenedor del pagaré que se le impone con esta misma fecha a virtud de la inscripción 6ª. subsiguiente."

"Inscrita la hipoteca que comprende este documento, que es la escritura número 172 otorgada en Mayagüez a 27 de diciembre del 1938 ante el notario Amador Ramírez Silva, sólo en cuanto a la casa enclavada en el solar que se describe en esta escritura, denegándose la inscripción respecto a dicho solar por aparecer el mismo inscrito a favor de Guadalupe Morales, casada con Fernando Vélez, persona diferente de la hipotecante Guadalupe Morales, de estado soltera,

denegándose la inscripción además respecto a la hipoteca del derecho de Hogar Seguro (*Homestead*) por no ser éste hipotecable de acuerdo con la jurisprudencia establecida al efecto, tomándose en su lugar en ambos casos la correspondiente anotación preventiva por el término legal, todo al folio 180 del tomo 278 de Mayagüez, finca 7223 e inscripción 6ª., gravada sólo con esta hipoteca.''

POR CUANTO, se ha interpuesto recurso gubernativo solicitando la revocación de las referidas notas;

POR CUANTO, este Tribunal ha resuelto que los errores que aparezcan en los asientos del Registro en relación con el estado civil de los otorgantes sólo pueden subsanarse por orden de tribunal competente luego de haberse acreditado ante el mismo la existencia de dichos errores (*Vázquez* v. *Registrador*, 30 D.P.R. 13, y *Jaca* v. *Registrador*, 33 D.P.R. 775);

POR TANTO, tratándose en dichas notas de errores relativos al estado civil de los otorgantes, procede confirmar y por la presente se confirman las notas recurridas.

El Juez Presidente Sr. Del Toro y el Juez Asociado Sr. Hutchison disienten.