LA COMUNIDAD RELIGIOSA CATÓLICA DE REVERENDAS MADRES CARMELITAS CALZADAS, INC., DE SAN JUAN, P. R., recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

Núm. 1056.—*Sometido:* Noviembre 6, 1939. *Resuelto:* Enero 19, 1940.

*José Benet,* abogado de la recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

En la inscripción primera de una casa en la calle del Cristo, número 12, se inscribió el título de dominio a favor de doña Lorenza Valdés Goicoechea, haciéndose constar expresamente que dicha finca se encontraba gravada con dos capitales a censo y tributo del 5% anual, uno de ellos por valor de 239 pesos españoles a favor de la Comunidad aquí recurrente.

Alega la recurrente que todos los sucesores en el título de dicha finca, como herederos de la señora Valdés, la adquirieron con el gravamen de dicho censo, siendo éste mencionado en todas las inscripciones subsiguientes; y que la finca no ha pasado a nombre de tercero.

En julio 18 de 1939 la recurrente presentó una solicitud al Registrador recurrido, pidiendo se practicase la inscripción del censo por el motivo de que la recurrente carecía y no le había sido posible encontrar el título original de constitución de dicho censo. En apoyo de su solicitud la recurrente presentó copia certificada de la resolución dictada en.

11 de febrero de 1907 por la Corte de Distrito de San Juan, declarando justificado el dominio de la finca a favor de la señora Valdés; y una declaración jurada de la madre priora de la Comunidad recurrente, haciendo constar la existencia del censo, el cobro de los cánones, y la carencia de documento alguno referente a la constitución original de dicho censo.

El día primero de agosto de 1939 el Registrador devolvió la solicitud de la recurrente, con la siguiente nota:

"DEVUELTO sin practicar operación alguna, por no acompañarse la escritura constitutiva del censo que se trata de inscribir, y no ser esta solicitud un documento inscribible ni anotable."

Contra esa nota se ha establecido el presente recurso. En su apoyo, arguye la parte recurrente que el Registrador debió proceder a la inscripción del censo:

"1. Porque el reconocimiento del censo fué hecho por la dueña del inmueble, para que su título se inscribiese con tal gravamen.

"2. Porque no hay tercero envuelto.

"3. Porque todos los dueños de la finca han venido pagando los réditos del censo, reconociendo así la existencia del gravamen.

"4. Porque la censualista no posee otro documento referente a la constitución original del gravamen más que la resolución declaratoria del dominio."

En su contestación alega el recurrido que no se trata aquí de un caso en que el Registrador haya dejado de calificar el documento o haya denegado la inscripción por defecto insubsanable, o la haya practicado con defecto subsanable, que son los únicos casos en que de acuerdo con la Ley sobre recursos contra las resoluciones de los registradores de la propiedad, de 1 de marzo de 1902 (Comp. 2180–90), se puede recurrir para ante esta Corte Suprema; que huelga la certificación de la resolución de la Corte de Distrito declarando justificado el dominio de la finca, en que aparece mencionado el gravamen, por cuanto esa misma resolución ya fué inscrita en el registro; y que el principio que sostiene el recurrente—o sea que el Registrador está obligado a convertir en inscripción

definitiva la mención de un gravamen por el mero hecho de estar consignada la mención, bastando para ello una simple solicitud—no está sostenido por ningún precepto del derecho civil, razón por la cual la solicitud presentada no ha podido ser inscrita ni anotada.

En *Mollfulleda* v. *Registrador,* 19 D.P.R. 1001, esta Corte Suprema resolvió, aplicando el artículo 66 de la Ley Hipotecaria y los artículos 111 y 112 del Reglamento, que el recurso gubernativo contra las resoluciones de los Registradores procede solamente contra la negativa del registrador a inscribir, anotar preventivamente o cancelar los títulos que fueren presentados al Registro, pero no contra otras resoluciones del Registrador que puedan afectar los derechos de las partes y contra las cuales las partes interesadas pueden invocar otros remedios legales. Véase Galindo, vol. 2, pág. 633.

El documento presentado por la recurrente no es un título. Es una simple solicitud *ex parte,* por la que se pretende, sin audiencia de los dueños de la finca sobre la que se dice pesa el gravamen del censo, convertir en inscripción definitiva una simple mención hecha 32 años antes de radicarse la aludida solicitud de la recurrente.

No obstante la improcedencia del recurso interpuesto, opinamos que el Registrador no puede ni debe convertir en inscripción definitiva una simple mención de un censo a petición *ex parte* del censualista y sin el conocimiento o consentimiento del censatario, especialmente cuando debido al tiempo transcurrido entre las fechas de la mención y de la petición pudiera dicha mención carecer en la actualidad de efecto legal. Si la recurrente tiene derecho a la conversión que solicita, su camino es el juicio declarativo, en el cual puedan ser oídas todas las partes interesadas en el inmueble.

*Por las razones expuestas debe desestimarse el recurso y confirmarse la nota recurrida.*