BANCO DE PONCE, recurrente, *v.* EL REGSTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

Núm. 1086.—*Sometido:* Mayo 2, 1941. *Resuelto:* Mayo 5, 1941.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Por escritura de 21 de abril de 1936 inscrita en el Registro de la Propiedad el 25 de mayo de 1938, Fidel María Collazo constituyó hipoteca a favor del Banco de Ponce sobre una casa y solar radicados en Aibonito. Con posterioridad a la constitución de dicha hipoteca, la finca gravada fué objeto de un procedimiento de apremio instado por el Colector de Rentas Internas de Aibonito para hacer efectivos los siguientes créditos: $168.71 por concepto de contribuciones territoriales sobre la finca en cuestión; $143 por concepto de contribuciones sobre ingresos y $142.40 por cuotas de indemnizaciones a obreros adeudadas las dos últimas sumas por Fidel María Collazo. El embargo practicado en el procedimiento de apremio se anotó en el Registro de la Propiedad

el 10 de febrero del año pasado, celebrándose la subasta el 4 de abril siguiente y expidiéndose certificado de venta a favor de José Aponte Garay el 23 de agosto último.

Intentando redimir la finca, el Banco de Ponce ofreció al comprador Sr. Aponte Garay solamente la cantidad representada por el montante de la contribución territorial, los intereses correspondientes y costas devengadas, pero no la totalidad del precio pagado con sus intereses y costas devengadas. Habiendo rehusado Aponte Garay aceptar la cantidad ofrecídale, recurrió el Banco de Ponce al procedimiento prescrito por los artículos 349 y 350 del Código Político, presentando al Registrador de la Propiedad de Guayama la documentación pertinente, depositándose además en poder de dicho funcionario la cantidad rehusada por Aponte Garay, más los honorarios del registrador y solicitando de éste que le expidiese el certificado de redención, a lo cual no accedió el registrador por los fundamentos expuestos en una extensa nota que resume así:

"Por lo expuesto me niego a expedir el certificado de redención solicitado ya que a juicio del suscribiente el Registrador carece de autoridad legal para determinar y resolver sobre la alegada preferencia y prelación del crédito del Banco de Ponce, cuya facultad corresponde a las cortes de justicia, pudiendo el Registrador de la Propiedad expedir certificado de redención únicamente previo el pago de la cantidad total del valor de la compra en pública subasta, junto con el interés anual a razón del 12 por ciento, así como todas las costas devengadas y contribuciones vencidas según taxativamente señala el artículo 348 del Código Político de Puerto Rico."

Dos son las cuestiones planteadas en este recurso gubernativo interpuesto por el Banco de Ponce contra la nota del registrador, a saber:

1. ¿Es improcedente, como sostiene el registrador, consideradas las circunstancias de este caso, revisar su resolución dentro de un recurso gubernativo?

2. Asumiendo que proceda el recurso, ¿tiene derecho el recurrente, dentro de las circunstancias expuestas, al certificado de redención negádole por el registrador?

▉▉ Los artículos 349 y 350 del Código Político a que acudió el recurrente y que establecen el procedimiento ante el registrador para obtener el certificado de redención cuando el comprador de un inmueble vendido para el pago de contribuciones rehusa aceptar el precio de venta y gastos ocasionados, nada disponen con respecto al recurso que pudieran tener los interesados contra la decisión del registrador. Por lo tanto, debemos examinar la ley sobre recursos contra las resoluciones de los registradores de la propiedad (Comp. 1911, pág. 450, 451), para determinar si una resolución de esa índole es revisable mediante un recurso gubernativo. De acuerdo con la citada ley sólo puede interponerse recurso gubernativo contra la negativa del registrador de la propiedad a inscribir, anotar o cancelar los títulos que se presenten al registro.

En el caso de *Mollfulleda* v. *Registrador,* 19 D.P.R. 1001, se presentó al registrador de la propiedad un escrito pidiendo la cancelación de cierta anotación preventiva por carecer de firma alguna el mandamiento a virtud del cual se extendió dicha anotación. Contra la negativa del registrador se estableció un recurso gubernativo y resolviéndolo se dijo por este tribunal:

"Por cuanto según se deduce rectamente de los artículos 66 de la Ley Hipotecaria, 111 y 112 del reglamento para su ejecución, y 1º. de la ley de marzo 1, 1902, sobre recursos contra los registradores de la propiedad, dichos recursos sólo proceden contra la negativa del registrador de la propiedad a inscribir, anotar o cancelar los títulos que se presenten al registro, pero no contra las demás resoluciones de los registradores que puedan afectar los intereses de las partes y contra las cuales pueden los interesados utilizar los demás recursos que la misma Ley Hipotecaria les franquea.

"Por cuanto la resolución del Registrador de la Propiedad de San Juan, Sección 1ª., cuya revocación solicita Molfulleda no se refiere a documento alguno presentado por él mismo para inscripción, anotación o cancelación.

"Por tanto vistos los textos legales citados y la resolución de esta Corte Suprema en el caso de *Bartolomei* v. *El Registrador de la Propiedad de Ponce,* 2 S.P.R. 590,

"SE DECLARA NO HABER LUGAR a resolver el presente recurso, y comuníquese a las partes a los fines procedentes."

En el caso de *Comunidad Religiosa, etc.,* v. *Registrador,* 55 D.P.R. 928, la recurrente presentó una solicitud al registrador pidiendo se practicase la inscripción de cierto censo, y como según alegaba la recurrente, no pudo encontrar el título original de constitución del mismo, en apoyo de su solicitud presentó copia certificada de la resolución dictada el 11 de febrero de 1907 por la Corte de Distrito de San Juan declarando justificado el dominio a favor de doña Lorenza Valdés y una declaración jurada de la madre priora de la comunidad recurrente haciendo constar la existencia del censo, el cobro de los cánones y la falta de documento alguno referente a la constitución de dicho gravamen.

El registrador devolvió los documentos sin practicar operación alguna, por no acompañarse la escritura constitutiva del censo que se trataba de inscribir y no ser la solicitud un documento inscribible ni anotable.

Oponiéndose el registrador a que este tribunal conociese del recurso, alegó que no se trataba de un caso en que el registrador hubiera dejado de calificar o denegado la inscripción por defecto insubsanable o la haya practicado con defecto subsanable, únicos casos en que de acuerdo con la ley sobre recursos contra las resoluciones de los registradores de la propiedad, como alegó el registrador, puede recurrirse para ante esta Corte Suprema.

Desestimando el recurso se dijo:

"En *Molfulleda* v. *Registrador,* 19 D.P.R. 1001, esta Corte Suprema resolvió, aplicando el artículo 66 de la Ley Hipotecaria y los artículos 111 y 112 del reglamento, que el recurso gubernativo contra las resoluciones de los registradores procede solamente contra la negativa del registrador a inscribir, anotar preventivamente o cancelar los títulos que fueren presentados al registro, pero no contra otras resoluciones del registrador que puedan afectar los derechos de las partes y contra las cuales las partes interesadas pueden invocar otros remedios legales. Véase Galindo, vol. 2, pág. 633.

"El documento presentado por la recurrente no es un título. Es una simple solicitud *ex parte*, por la que se pretende, sin audiencia de los dueños de la finca sobre la que se dice pesa el gravamen del censo, convertir en inscripción definitiva una simple mención hecha 32 años antes de radicarse la aludida solicitud de la recurrente."

En el caso de autos tampoco se trata de un recurso contra la negativa del registrador de la propiedad a inscribir, anotar o cancelar un título, sino de un procedimiento puramente ex parte ante el registrador de la propiedad, en que el recurrente, como peticionario, a juicio del registrador no cumplió con el requisito de ofrecer al comprador de la finca y luego consignar en el registro "la cantidad total del valor de la compra en pública subasta, junto con el interés anual a razón del 12 por ciento, así como todas las costas devengadas y contribuciones vencidas."

Por consiguiente, no procede revisar la resolución del registrador mediante recurso gubernativo.

La conclusión a que llegamos nos impide considerar la segunda cuestión planteada, pues de hacerlo así estaríamos considerando los méritos de un recurso del cual carecemos de jurisdicción para conocer.

*Se declara no haber lugar a resolver el presente recurso, y comuníquese a las partes a los fines procedentes.*