CALIXTA ORTA RODRÍGUEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

Núm. 1101.—*Sometido:* Julio 7, 1942. *Resuelto:* Julio 28, 1942.

*Luis Tirado Géigel,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EN MOCIÓN DE RECONSIDERACIÓN

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El 25 del mes pasado desestimamos este recurso por entender que dentro de un recurso gubernativo carecíamos de jurisdicción para revisar la nota del Registrador. Dijimos entonces, citando los casos de *Bartolomei* v. *Registrador de Ponce,* 2 S.P.R. 589, *Mollfulleda* v. *Registrador,* 19 D.P.R. 1001, *Comunidad Religiosa, etc.,* v. *Registrador,* 55 D.P.R. 928, y *Banco de Ponce* v. *Registrador,* 58 D.P.R. 602, que el recurso gubernativo sólo procede contra la negativa del registrador de la propiedad a inscribir, anotar o cancelar los títulos que se le presenten, pero no contra las demás resoluciones de los registradores que puedan afectar los intereses de las partes y contra las cuales los interesados puedan utilizar los demás recursos que les ofrece la ley. Dijimos además que la solicitud que en este caso se presentó al registrador no era un título sino una mera petición *ex parte* por la que se pretendía, invocando la sección 2 de la Ley Núm. 12, aprobada el 29 de agosto de 1923 (sesión extraordinaria, pág. 37), que se cancelase una inscripción de hipoteca a favor de un tercero sobre una finca propiedad de la recurrente, y por ese fundamento desestimamos el recurso sin entrar a considerar sus méritos. La recurrente ha solicitado que reconsideremos nuestra citada resolución de 25 del mes pasado. Los argumentos que expone, nos han convencido de que nuestra citada resolución es errónea. Por consiguiente, es nuestro deber reconsiderarla.

La procedencia del recurso gubernativo no depende de la naturaleza del documento que se presente al registro, sino de la índole de la operación que se solicite del registrador. Si lo que se solicita es una inscripción, anotación o cancelación y el registrador al calificar el documento sus-

pende, deniega o practica con defecto subsanable la operación solicitada, procede el recurso gubernativo para revisar su resolución. A este efecto, prescriben las secciones 1 y 5 de la Ley sobre recursos contra los registradores de la propiedad:

"Sección 1.—Cuando el registrador deniegue o suspenda alguna inscripción, anotación o cancelación, expondrá el pie del documento, clara y concisamente, los motivos legales de su negativa y de ella notificará al interesado, quien firmará la notificación.

"Sección 5.—Contra la calificación de defectos subsanables que hicieren los registradores podrá acudir el interesado al Tribunal Supremo para resolución definitiva. El Tribunal Supremo confirmará o revocará la resolución del Registrador y éste hará lo que procediere de conformidad con dicha decisión."

█ Pero cuando se trata de obtener del registrador, a virtud de hechos que le expone el solicitante, que usando su discreción cuasijudicial practique una operación o certifique sobre la libertad o estado de cargas o situación legal del título de un inmueble, en tales casos no procede el recurso gubernativo para revisar la resolución del registrador. En los cuatro casos citados en la resolución que ahora reconsideramos, se trataba de resoluciones de la naturaleza últimamente mencionada.

En el de *Bartolomei* v. *Registrador,* supra, don Pedro Bartolomei con fecha 7 de febrero de 1902 presentó en el Registro de la Propiedad de Ponce una escritura a su favor por la que se le cedía una finca rústica, y extendida por el registrador al pie de dicha escritura la nota de presentación, por otra nota puesta a continuación de la anterior en 17 de marzo siguiente, declaró el registrador caducado el referido asiento de presentación por haber transcurrido treinta días hábiles sin que el interesado hubiera satisfecho la contribución impuesta en el párrafo (c) de la sección 79 de la Ley para proveer de rentas a El Pueblo de Puerto Rico. Fué contra una resolución de esa índole que se interpuso el re-

curso gubernativo que este tribunal desestimó por improcedente.

Y en el caso más reciente de *Banco de Ponce* v. *Registrador,* supra, a fin de demostrar que el principio envuelto era el mismo de los tres anteriores, dijimos:

"En el caso de autos tampoco se trata de un recurso contra la negativa del registrador de la propiedad a inscribir, anotar o cancelar un título, sino de un procedimiento puramente ex parte ante el registrador de la propiedad, en que el recurrente, como peticionario, a juicio del registrador no cumplió con el requisito de ofrecer al comprador de la finca y luego consignar en el registro 'la cantidad total del valor de la compra en pública subasta, junto con el interés anual a razón del 12 por ciento, así como todas las costas devengadas y contribuciones vencidas.'" (Pág. 606.)

El caso de autos es distinto. Aquí se trata de un recurso contra la negativa del registrador de la propiedad a cancelar una hipoteca por el alegado defecto de no haber sido autenticada la firma de la solicitante en la instancia escrita presentada con ese fin. En este caso sí procede el recurso gubernativo para revisar la nota del registrador.

Reconsiderada la cuestión previa, procederemos ahora a resolver si como alega el registrador, debe ser autenticada la firma en una solicitud interesando que con arreglo a la sección 2 de la Ley núm. 12, aprobada el 29 de agosto de 1923, se cancele una hipoteca que según el registro tiene más de veinte años de vencida.

La sección 1 de la citada ley, en lo pertinente prescribe:

"Sección 1.—Los *registradores de la propiedad a instancia escrita de parte o de su representante, autenticada ante notario,* procederán a cancelar en el respectivo registro:

" * * * * * * *"

(Se refiere a menciones de hipoteca, censos, etc.; anotaciones de embargo, prohibiciones de enajenar, etc.; inscripciones de fianzas hipotecarias para garantizar el ejercicio de cargos públicos verificadas a favor del Estado, etc., y finalmente gravámenes por razón de sentencias que tengan más de cinco años de constituídos.)

Y la sección 2 en lo pertinente dice:

"Sección 2.

"" ❖      ❖      ❖      ❖      ❖      ❖      ❖

"Transcurrido un año desde la vigencia de esta Ley, los regis-tradores, *a instancia de las personas interesadas ya indicadas,* procederán a la cancelación de las hipotecas referidas en esta sección, sin necesidad de notificación alguna, si no se hubiere acreditado en el registro la interposición de la demanda en cobro de la misma o la de subsistencia de tales gravámenes." (Bastardillas nuestras.)

El registrador sostiene que la instancia a que se contrae la sección 2 debe ser autenticada ante notario. La recurrente sostiene lo contrario, basándose en que la sección 2, al refe-rirse a la instancia, no exige ese requisito. A nuestro juicio, tiene razón el registrador. ■ Las distintas secciones de una ley deben interpretarse las unas en relación con las otras, completando y supliendo lo que falte o sea oscuro en una con lo provisto en la otra, procurando siempre dar cumplimiento al propósito del legislador. La interdepen-dencia entre las secciones 1 y 2 se hace más patente por la referencia en la 2 a "las personas interesadas ya indi-cadas", que no son otras que las que con más amplitud se describen en la sección 1. Y si el propósito expreso del le-gislador es que esas personas, para obtener la cancelación de una mención de hipoteca o una anotación de demanda o de embargo, deberán autenticar sus firmas ante notario en la instancia escrita que han de presentar a ese fin, con ma-yor razón debe presumirse el propósito legislativo de exigir no menos formalidad cuando esas mismas personas solicitan la cancelación de un derecho de más trascendencia legal que aquéllos, como lo es la cancelación de un derecho de hipoteca. Si nos ciñésemos estrictamente a la letra de la sección 2, sin relacionarla con la sección 1 como parece pretender la re-currente, tendríamos que concluir que la instancia para cancelar una hipoteca podría ser oral, ya que la sección 2 no dice que debe ser escrita, como lo hace la sección 1. ■ Tal

interpretación sería manifiestamente absurda, y una interpretación que conduce a una conclusión absurda debe ser rechazada. Más evidente resulta la falacia del argumento de la recurrente si tenemos en cuenta la necesidad de que las operaciones que se practiquen en el Registro de la Propiedad estén basadas, por lo menos, en la garantía y seriedad de un documento auténtico.

*Por las razones expuestas, se reconsidera nuestra resolución del 25 del mes pasado y penetrando ahora en los méritos de la cuestión, procede confirmar la nota recurrida.*