MANUEL HERNÁNDEZ RUIZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE AGUADILLA, recurrido.

Núm. 1117.—*Sometido:* Enero 8, 1943. *Resuelto:* Enero 19, 1943.

*Buenaventura Esteves,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

A virtud de lo prescrito en el artículo 71 de la vigente Ley Municipal al efecto de que solares edificados que estén cedidos por los municipios en usufructo por tiempo indeterminado podrán ser vendidos por los municipios al usufructuario siempre que las ventas sean aprobadas por las dos terceras partes del número total de miembros de que se componga la Asamblea Municipal, el Municipio de San Sebastián, representado por su Alcalde, vendió a Manuel Hernández Ruiz uno de dichos solares. Con el fin de inscribir su título, el comprador presentó al Registro de la Propiedad de Aguadilla la escritura número 99, de 30 de octubre de 1942, otorgada ante el notario Buenaventura Esteves, acompañada de una certificación literal de la Ordenanza número 20, de la

▬▬▬▬▬▬▬▬▬    ▬▬▬▬

Asamblea Municipal, aprobada el 20 de mayo de 1942, por la que, a los efectos del citado artículo de la Ley Municipal, la Asamblea dividió los ejidos del pueblo en tres zonas, fijó el precio de los solares de cada una de ellas, y autorizó al Alcalde a venderlos de conformidad con lo prescrito en la citada ley.

Presentó además una certificación en relación, suscrita por el Secretario Auditor, a fin de acreditar que el derecho de uso de superficie del solar en cuestión había sido cedido a Hernández Ruiz con anterioridad a la aprobación de la citada ordenanza.

El registrador denegó la inscripción y en su lugar tomó anotación preventiva por ciento veinte días a favor del comprador, basándose en que la certificación en relación antes aludida era insuficiente para establecer la concesión del uso y aprovechamiento del solar.

Contra esta nota se interpuso el presente recurso, alegando el recurrente que la certificación es suficiente, pero que en caso de no serlo, el defecto constituiría a lo sumo una falta subsanable.

▬ La certificación, por su forma, es insuficiente. El artículo 431 del Código de Enjuiciamiento Civil (ed. 1933) en lo pertinente prescribe:

"Artículo 431.—Otros documentos oficiales podrán probarse como sigue:
"  *          *          *          *          *          *          *
"5. Los actos de una corporación municipal de Puerto Rico, o de una junta o departamento de la misma, mediante copia, certificada por el correspondiente archivero, o mediante un libro impreso, publicado por autoridad de dicha corporación."

Complementando dicho precepto, el artículo 436 del mismo código dispone:

"Artículo 436.—Siempre que se certificare la copia de un escrito, para servir como evidencia, deberá el certificado expresar en sustancia que la copia es fiel reproducción del original, o de una parte determinada del mismo, según fuere el caso. El certificado deberá

traer el sello oficial del funcionario que certifica, si lo hubiere, y si fuere secretario de un tribunal con sello, llevará el de dicho tribunal.''

■ Es verdad que las certificaciones en relación son válidas; pero su uso está permitido única y exclusivamente cuando se trata de certificaciones expedidas por los registradores de la propiedad de conformidad con el artículo 281 de la Ley Hipotecaria. Cualquier otra certificación de un documento oficial debe ajustarse a los preceptos del Código de Enjuiciamiento Civil antes citados.

■ Sin embargo, tiene razón el recurrente al sostener que la falta, de existir, sólo constituye una de carácter subsanable. El defecto sólo existe en la forma externa de la certificación y no anula en manera alguna la validez de la obligación consignada en el título. Consecuentemente, constituye una falta subsanable.

*Procede, por lo expuesto, declarar con lugar el recurso y ordenar la inscripción del documento, pero con el defecto subsanable de no acompañarse una copia certificada del acuerdo de la Asamblea Municipal, acreditativa de haberse cedido al comprador, con anterioridad a la venta, el solar en cuestión.*