HEIRS OF LUIS B. MANZANO SOTO, Appellants, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 1119.   Submitted March 29, 1943.—Decided April 14, 1943.

*Oscar Souffront* for appellants.   The registrar appeared by brief.

MR. JUSTICE SNYDER delivered the opinion of the court.

The Treasurer of Puerto Rico has executed a public deed purporting to cancel a real estate mortgage executed by the predecessor in interest of the petitioner in favor of the People of Puerto Rico.   The deed of cancellation recites that the mortgage in question was originally executed to secure a loan made by the Earthquake Board pursuant to Act No. 8, Laws of Puerto Rico, 1918, and that, in view of the payment of the said loan, the Treasurer, pursuant to Act No. 12, Laws of Puerto Rico, 1925, is executing the said deed of cancellation of mortgage.   The registrar refused to record the deed of cancellation, giving as his grounds therefor the following reasons:

"It does not appear in any of the entries registering the mortgage the cancellation of which is requested that the loan, for which the said mortgage was executed as security, was granted to the debtor by the Earthquake Board, or in conformity with §4 of Act No. 8, approved December 12, 1918, this cancellation not being covered by

the provisions of Act No. 12, approved May 12, 1925. The accompanying complementary certificate, issued by the said executing officer, dated February 1 of this year, is ineffective in law to rectify or to have the legal effect of rectifying the said entries, in the lack of the corresponding inscribed title, or without a judicial order as to the defect; . . . .".

The only problem in this case is to determine the proper procedure to make the pertinent registry records reflect all the facts in the instant case. The registrar cites *Balzac* v. *Registrar*, 48 P.R.R. 165, *Vázquez* v. *Registrar of San Juan*, 30 P.R.R. 12, *Jaca* v. *Registrar of San Juan*, 33 P.R.R. 737, and *Morales* v. *Registrar*, 55 D.P.R. 975 (per curiam), as sustaining his position that pursuant to §256 of the Mortgage Law the unanimous consent of all the interested parties and of the registrar, or a judicial order, is needed to "correct" the registry records herein.

The petitioner offers the explanation that no copy of the original mortgage deed is available, as the latter was destroyed in a fire, and that the Treasurer's copy is "missing." It asserts that the failure originally to note in the registry that the mortgage had been executed by virtue of a loan by the Earthquake Board may well have been an oversight on the part of the registrar when he registered the original mortgage deed. However, we are not entitled to speculate on such a possibility. It may also have been, as the registrar points out, that the copy presented to the registrar failed to contain such a provision, although if that were so he should have perhaps recorded a curable defect. But the registrar is correct in asserting that he cannot act on the basis of *ex parte* information and speculation. Be that as it may, the only question before us now is if the registrar acted properly in refusing to record the deed of cancellation because the registration of the original mortgage deed contains no reference to the alleged loan from the Earthquake Board.

The cases cited by the registrar refer to "errors" in the registry records which are allegedly "in conflict" with the true facts, which cannot be "corrected" by means of an administrative appeal. The situation here is somewhat different, as there is no error herein such as found in those cases but only the omission from the recordation of the mortgage of the reason why the mortgagor executed the same. And in any event, no effort is being made to change the registration of the original deed. That, whether mistakenly or otherwise, was recorded without defect. The only question here is whether another instrument—a deed cancelling the mortgage—is entitled to recordation.

Assuming, as the registrar asserts, that the power of the Treasurer to execute a deed of cancellation of mortgage must be found within Act No. 12, Laws of Puerto Rico, 1925, which vests power in the Treasurer to execute such documents upon payment of loans made by the Earthquake Board, the cancellation deed herein complies with that condition. It specifically recites that the mortgage being cancelled secured such a loan. Again we note the peculiarity that the defect, if it ever existed, was only in the original deed of mortgage, which the registrar recorded without question. And there is no third party involved. We therefore hold that, at the most, a curable defect exists herein. The registrar himself seems to concede this point when he closes his brief by saying that "On our part there would be no objection to cancellation of the mortgage if there were furnished any of the following documents:

1. Certified copy of the deed.

2. Corresponding resolution of the Earthquake Board.

3. Judicial order."

See Article 110 of the Regulations for the Execution of the Mortgage Law, Revised Statutes, 1911 §7207, p. 1131; *Hernández* v. *The Registrar of Property*, 12 P.R.R. 128;

Cf. *Marcano* v. *Registrar of Property*, 20 P.R.R. 491; *Ramírez* v. *Registrar*, 38 P.R.R. 691, 2.

The petitioner offered with the deed of cancellation a certificate issued by the Treasurer reading in part as follows:

"That according to the Registry of 'Earthquake Loans' that is kept in the Treasury Department of Puerto Rico, on August 20, 1920 . . . the Earthquake Board . . . granted a mortgage loan of $1100.00 to Luis B. Manzano y Soto . . .

"I certify also that in order to secure said loan Luis B. Manzano y Soto executed a mortgage deed in favor of the People of Puerto Rico encumbering two of his farms.

"I certify, finally, that according to the said Registry, Luis B. Manzano y Soto liquidated the said mortgage loan in full on September 14, 1930."

This *certificate in relation* does not conform to the requisities laid down in §431, par. 6 and §436, Code of Civil Procedure (1933 ed). See *Hernández* v. *Registrar*, 61 P.R.R. 258, and §§433 and 438 of the Code of Civil Procedure. A certificate containing a *verbatim* copy of the pertinent portion of the records of the Earthquake Board setting forth the transaction which resulted in the execution of the mortgage must be presented to the registrar if the deed of cancellation is to be recorded free of defects.

The registrar will be ordered to record the deed of cancellation herein with the curable defect that the certificate of the Treasurer to the effect that the mortgage being cancelled secured a loan by the Earthquake Board does not fulfill the requirements of law.