Sucn. Luis B. Manzano Soto, recurrente, *v.* El Registrador de la Propiedad de Mayagüez, recurrido.

Núm. 1119.—*Sometido:* Marzo 29, 1943. *Resuelto:* Abril 14, 1943.

*Oscar Souffront,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El Tesorero de Puerto Rico otorgó una escritura pública con el propósito de cancelar una hipoteca sobre bienes in-

muebles otorgada por el causante de la recurrente a favor de El Pueblo de Puerto Rico. La escritura de cancelación hace constar que la hipoteca en cuestión se otorgó originalmente con el fin de garantizar un préstamo héchole por la Junta de Terremotos de conformidad con la Ley núm. 8, Leyes de Puerto Rico 1918 ((2) pág. 27), y que, habiéndose satisfecho dicho préstamo, el Tesorero, de conformidad con la Ley núm. 12, Leyes de Puerto Rico, 1925 (pág. 127), otorga la referida escritura de cancelación de hipoteca. El Registrador se negó a inscribir la escritura de cancelación exponiendo como fundamentos para ello las siguientes razones:

"No consta en ninguno de los asientos, en donde está registrada la hipoteca cuya cancelación se solicita, que el préstamo en garantía del cual se estableció dicho gravamen, le fuera concedido al deudor, por la Junta de Terremotos, o de conformidad con el artículo cuatro de la Ley número ocho, aprobada en doce de diciembre de 1918, no estando esta cancelación cubierta por las disposiciones de la ley número doce aprobada en 12 de mayo de 1925. Se acompañó una certificación complementaria, expedida por el citado otorgante, con fecha primero de febrero actual, cuyo documento es ineficaz en derecho para rectificar o surtir el efecto legal de rectificar implícitamente los asientos mencionados a falta del correspondiente título inscrito, o sin una providencia judicial en su defecto; . . .".

El único problema en este caso es determinar el procedimiento apropiado para hacer que las correspondientes inscripciones en el registro reflejen todos los hechos en el presente caso. El registrador cita los casos de *Balzac* v. *Registrador,* 48 D.P.R. 171, *Vázquez* v. *El Registrador de San Juan,* 30 D.P.R. 13, *Jaca* v. *Registrador,* 33 D.P.R. 775, y *Morales* v. *Registrador,* 55 D.P.R. 975 (*per curiam*), como que sostienen su posición al efecto de que de acuerdo con el artículo 256 de la Ley Hipotecaria el acuerdo unánime de todos los interesados y del registrador, o una providencia judicial, es necesario para poder "rectificar" las inscripciones del registro en este caso.

La recurrente ofrece la explicación de que no existe copia de la escritura original de hipoteca, toda vez que ésta se

destruyó en un fuego, y la copia del Tesorero se "extravió". Afirma que la omisión original al no inscribirse en el registro el hecho de que la hipoteca había sido otorgada por razón de un préstamo hecho por la Junta de Terremotos pudo muy bien haber sido un olvido del Registrador cuando inscribió la escritura original de hipoteca. Sin embargo, no tenemos derecho a especular sobre tal posibilidad. También pudo muy bien ser, como indica el registrador, que la copia que se le presentó al registrador no contuviera tal disposición, aunque de ser así, debió quizá señalar un defecto subsanable. Pero el registrador tiene razón al afirmar que no puede actuar a base de una información *ex parte* y a base de especulación. Sea ello como fuere, la única cuestión ahora ante nos es si el registrador actuó correctamente al negarse a inscribir la escritura de cancelación debido a que la inscripción de la escritura original de hipoteca no hace referencia alguna al alegado préstamo hecho por la Junta de Terremotos.

Los casos citados por el registrador se refieren a "errores" en las inscripciones del registro que se alega están "en conflicto" con los hechos verdaderos, los cuales no pueden ser "rectificados" mediante un recurso gubernativo. Aquí la situación es algo diferente, toda vez que no existe error alguno como los que existieron en dichos casos, sino únicamente la omisión en la inscripción de la hipoteca de la razón por la cual el deudor hipotecario la otorgó. Y de cualquier modo, no se realiza esfuerzo alguno para cambiar la inscripción de la escritura original. Ésta, bien por error o por otra causa, fué inscrita sin defecto. Aquí la única cuestión es si otro instrumento—una escritura que cancele la hipoteca—tiene derecho a ser inscrita.

Asumiendo, como afirma el registrador, que el poder del Tesorero a otorgar una escritura de cancelación de hipoteca debe encontrarse dentro de la Ley núm. 12, Leyes de Puerto Rico, 1925, que confiere poder al Tesorero para otorgar tales

documentos al saldarse los préstamos hechos por la Junta de Terremotos, la escritura de cancelación aquí envuelta cumple con tal condición. Específicamente dice que la hipoteca que se cancela garantizaba tal préstamo. Otra vez notamos la peculiaridad de que el defecto, si existió alguna vez, fué sólo en la escritura original de hipoteca, la cual el registrador inscribió sin objeción aguna. Y no está envuelto un tercero. Por tanto resolvemos que, a lo sumo, existe aquí un defecto subsanable. El propio registrador parece aceptar este punto cuando concluye su alegato diciendo: "Por nuestra parte no habría inconveniente en cancelar la hipoteca teniendo a la vista cualquiera de los siguientes documentos:

1. Copia certificada de la escritura.
2. Acta correspondiente de la Junta de Terremotos.
3. Providencia Judicial."

Véanse artículo 110 del Reglamento para la Ejecución de la Ley Hipotecaria, Estatutos Revisados, 1911, §7207, pág. 1175; *Hernández* v. *El Registrador de la Propiedad,* 12 D. P.R. 130; *Cf. Marcano* v. *El Registrador,* 20 D.P.R. 525; *Ramírez* v. *Registrador,* 38 D.P.R. 771, 2.

La recurrente ofreció con la escritura de cancelación una certificación expedida por el Tesorero que lee en parte como sigue:

"Que según se desprende del Registro de 'Empréstitos sobre Terremotos' que se lleva en el Departamento de Hacienda de Puerto Rico, con fecha 20 de agosto de 1920 . . . la Junta de Terremotos . . . concedió un préstamo hipotecario por la suma de $1,100 al Sr. Luis B. Manzano y Soto . . .

"Certifico, además, que para garantizar dicho préstamo hipotecario el Sr. Luis B. Manzano y Soto otorgó escritura de Hipoteca a favor de El Pueblo de Puerto Rico gravando dos fincas de su propiedad.

"Certifico, finalmente, que de acuerdo con el citado Registro, el Sr. Luis B. Manzano y Soto saldó dicho préstamo hipotecario en su totalidad en septiembre 14 de 1930."

Esta *certificación en relación* no se ajusta a los requisitos señalados por el artículo 431, párr. 6 y artículo 436, Código de Enjuiciamiento Civil (ed. 1933). Véanse *Hernández v Registrador,* 61 D.P.R. 267, y los artículos 433 y 438 del Código de Enjuiciamiento Civil. Una certificación literal de la parte pertinente de los records de la Junta de Terremotos acreditativa de la transacción que dió origen a la constitución de la hipoteca debe ser presentada al registrador si se desea inscribir la escritura de cancelación libre de defectos.

*Se le ordenará al registrador que inscriba la escritura de cancelación aquí envuelta con el defecto subsanable de que la certificación del Tesorero al efecto de que la hipoteca que se cancela garantizaba un préstamo hecho por la Junta de Terremotos, no cumple con los requisitos de ley.*