Santos Jiménez Solá, recurrente, *v.* El Registrador de la Propiedad de Caguas, recurrido.

Núm. 1128.—*Sometido:* Noviembre 1, 1943. *Resuelto:* Noviembre 4, 1943.

*Enrique Rincón,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Presidente Interino Señor Travieso emitió la opinión del tribunal.

El presente recurso ha sido interpuesto por Santos Jiménez Solá contra dos notas de inscripción, ambas fechadas en 3 de agosto de 1943, puestas al calce de dos escrituras de compraventa por el Registrador de la Propiedad de Caguas. Por la primera de dichas escrituras el Municipio de Caguas vende un solar a Ramón Díaz Reyes y su esposa, y por la segunda éstos venden el mismo solar al recurrente. En ambas notas hace constar el registrador que dichas escrituras se inscriben solamente "en cuanto a la compraventa de la nuda propiedad del solar". Solicita el recurrente de este tribunal que ordene al registrador recurrido verificar una nueva inscripción, a su costo, de dichas escrituras.

Basa su solicitud en la resolución de este Tribunal del recurso gubernativo número 1122, de fecha 14 de julio de 1943 (ante, pág. 353), por la cual se ordenaba al registrador inscribir el título de compraventa del mencionado solar a favor de Ramón Díaz Reyes, revocando a la vez una nota del Registrador de Caguas denegando la inscripción del título del solar.

548

De .acuerdo con dicha resolución el registrador estaba obligado a inscribir el título de dicho solar a favor de Ramón Díaz Reyes y así lo hizo. No cabe recurrir de dicha nota de inscripción. De acuerdo con la "Ley sobre Recursos Gubernativos contra las Resoluciones de los Registradores de la Propiedad" (Comp. 1911, pág. 450), solamente se puede recurrir gubernativamente cuando los registradores denieguen o suspendan alguna inscripción, anotación o cancelación. No se trata en este caso de que el registrador hubiera dejado de calificar o denegado la inscripción por defecto insubsanable o que la haya practicado con defecto subsanable, sino que solicita el recurrente que se declare la nulidad de una inscripción y se practique otra nueva, con lo cual pueden ser afectados derechos de partes.

No teniendo el tribunal ante sí los documentos necesarios para juzgar la cuestión, ni concurriendo en el presente caso ninguno de los motivos que establece la ley para poder recurrir ante este tribunal contra las resoluciones de un registrador, procede desestimar el recurso por falta de jurisdicción, sin perjuicio de los derechos que puedan asistir a las partes. Véanse los casos de *Orta* v. *Registrador,* 60 D.P.R. 789; *Banco de Ponce* v. *Registrador,* 58 D.P.R. 602; *Comunidad Religiosa, .etc.* v. *Registrador,* 55 D.P.R. 928; *Balzac* v. *Registrador,* 48 D.P.R. 171; *Mollfulleda* v. *Registrador,* 19 D.P.R. 1001; y *Bartolomei* v. *Registrador,* 2 S.P.R. 589, 590.