Antonio Rullán Mayol, recurrente, *v.* El Registrador de la Propiedad de San Juan, Sección Primera, recurrido.

Núm. 1214.—*Sometido:* Julio 21, 1947. *Resuelto:* Julio 31, 1947.

*Damián Monserrat, Jr., Gabriel de la Haba y Rafael Baragaño, Jr.*, abogados del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

El 17 de junio de 1946 Antonio Rullán Mayol, aquí recurrente, presentó en el Registro de la Propiedad de San Juan, Sección Primera, un escrito firmado por su representante, Lic. Damián Monserrat, Jr., en que hizo constar que en dicho Registro se halla inscrito al folio 241 del tomo 91 de Santurce, Sur, la finca que en el mismo se describe; que adquirió

dicha finca por compra a doña Esperanza Rullán Mayol en 3 de junio de 1940 y que su vendedora adquirió la misma a su vez de doña Carolina y doña Angela Miró por escritura número 88 de 8 de junio de 1937; que en la referida escritura número 88 figura la siguiente cláusula:

"Tercera.—Es convenido entre las partes otorgantes, que en todo tiempo en que doña Esperanza Rullán resuelva vender la parcela objeto de esta compraventa estará obligada a ofrecérsela en venta a las vendedoras, por igual precio al que paga por la misma."

que esa cláusula fué relacionada en las inscripciones de la referida finca y se consideró solamente en el Registro como una condición sobre el inmueble; y que a él le interesa que de la inscripción de la finca sea eliminado tal estado de derecho atribuído a la referida cláusula; y solicita del Registrador "se sirva extender una nota al margen de la referencia de dicho convenio personal, expresiva de que el mismo no afecta la finca hipotecariamente."

El Registrador recurrido denegó la cancelación de la condición solicitada y tomó en su lugar anotación por 120 días, fundado en que "según el Registro la compradora viene obligada en todo tiempo que resolviera enajenar la propiedad a ofrecérsela en venta a las vendedoras, por igual precio al que pagó por la misma, no apareciendo que tal derecho haya sido renunciado por las mismas, y que el documento presentado no está debidamente autenticado ante notario y el mismo no se refiere a ninguno de los casos en que pueda obtenerse la cancelación en el Registro por solicitud de esa naturaleza."

No tiene razón el Registrador. Es claro que no se trata de una venta con pacto de retro, y de acuerdo con el artículo 28 del Reglamento para la ejecución de la Ley Hipotecaria: *"La obligación de transmitir a otro el dominio de cualquier inmueble o derecho real,* o de constituir sobre uno u otro algún derecho de la misma índole, *no estará sujeta a inscripción."* (Bastardillas nuestras.)

Morell en su conocida obra Comentarios a la Legislación Hipotecaria, tomo primero, edición de 1925, pág. 500, se expresa así:

"*La promesa* constituye solamente una obligación, que da derecho a los contratantes para reclamar el cumplimiento, pero que *no crea derecho real alguno,* por lo cual no impide la adquisición por un tercero de los bienes o derechos prometidos.

"Respecto a la promesa de hacer algo, no cabe, por lo tanto, duda alguna. El acto no es inscribible. El promitente no limita su dominio sobre lo prometido, ni de presente ni en lo futuro, porque si la promesa no se cumple, la obligación se resolverá en una indemnización de perjuicios.

"..

"*La promesa no despoja al propietario de su derecho de propiedad sobre la finca, ni transmite ni constituye derecho real alguno.*" (Bastardillas nuestras.)

En relación con la cuestión que nos ocupa los tratadistas Galindo y Escosura en sus Comentarios a la Legislación Hipotecaria, tomo 1, edición de 1903, se expresan así a la página 261:

"Sólo deben registrarse el dominio y derechos reales, y *como de la obligación de transmitir y de la de celebrar un contrato no nace ninguna acción real, sólo podrá hacerse constar cuando, como dice el mismo artículo, la obligación personal esté garantida por otra real;* pero téngase presente que entonces lo que se inscribe es la garantía y no la promesa. Así es que si llega el caso de exigir el cumplimiento de lo ofrecido y no se cumple, a lo único a que da derecho la inscripción es a realizar dicha garantía." (Bastardillas nuestras.)

Más tarde en la misma obra, y a la página 317, nos dicen:

"Que la promesa de vender no es inscribible, es evidente. . ."(¹)

Por otro parte, estos tratadistas en el tomo 2 de su referida obra manifiestan a la página 323, que "El artículo 29 de la Ley se refiere únicamente al dominio y derechos reales,

(¹) Véanse también Barrachina, Derecho Hipotecario y Notarial, tomo 1, edición de 1910, págs. 112 a 118; Gómez de la Serna, Ley Hipotecaria, tomo 1, edición de 1862, págs. 255, 256 y Morell, Legislación Hipotecaria, tomo segundo, edición de 1927, pág. 636.

*y no ha de extenderse a los que, no teniendo ese carácter, se hacen constar por cualquier causa en el Registro. Deben, por tanto, tenerse por no mencionados y sin ningún efecto con relación a tercero.*"(²) (Bastardillas nuestras.)

Siendo un derecho personal la mera promesa de vender un inmueble, la misma no debió mencionarse en forma alguna en el Registro, y la circunstancia de que se hiciera tal mención no surte efecto con relación a tercero.(³)

■ Además, el hecho de que se solicitara la cancelación de tal mención o condición en el Registro por documento privado suscrito por un abogado en representación del dueño de la finca, cuyo título consta inscrito, no debió ser óbice para que se efectuara la cancelación solicitada. No toda cancelación ha de solicitarse mediante escritura pública.(⁴) Por ejemplo, de acuerdo con el artículo 141 del Reglamento para la Ejecución de la Ley Hipotecaria puede solicitarse en documento privado la cancelación de una anotación preventiva constituída mediante solicitud de igual índole. Si es posible lograr en esa forma la cancelación de una anotación que está surtiendo todos sus efectos, mucho más natural debería ser para el Registrador proceder a cancelar—a virtud de solicitud héchale a nombre del dueño de la finca por un represen-

---

(²) Artículo 29, Ley Hipotecaria.—"El dominio o cualquier otro derecho real que se mencione expresamente en las inscripciones o anotaciones preventivas, aunque no esté consignado en el Registro por medio de una inscripción separada y especial, surtirá efecto contra tercero desde la fecha del asiento de presentación del título respectivo.

"Lo dispuesto en el párrafo anterior se entenderá sin perjuicio de la obligación de inscribir especialmente los referidos derechos, y de la responsabilidad en que pueda incurrir la persona que en casos determinados deba pedir la inscripción."

(³) *Cf. Bas* v. *Ferrán,* 14 D.P.R. 190 y *Bou de la Torre* v. *Registrador,* 39 D.P.R. 353.

(⁴) Véanse la opinión emitida por este Tribunal con fecha 16 de junio de 1947 en el Recurso Gubernativo Núm. 1208, intitulado *Autoridad de Tierras* v. *Registrador,* ante, pág. 468, en el que se resolvió que la cancelación de un contrato de arrendamiento ya vencido podía solicitarse mediante declaración jurada suscrita por un abogado como representante de la arrendadora; y *Orta* v. *Registrador,* 60 D.P.R. 789.

tante que es abogado—una mención o condición que errónea-
mente figura en el Registro y que no surte efecto de clase al-
guna contra tercero.

*Debe revocarse la nota recurrida y efectuarse la cancela-
ción solicitada.*