## Echavarría et al., Recurrentes, v. El Registrador de Aguadilla, Recurrido.

Recurso gubernativo contra nota del Registrador interino de la Propiedad de Aguadilla denegando la inscripción de una escritura de partición de bienes.

No. 281.—Resuelto en junio 9, 1916.

Recurso Gubernativo—Nota Consentida—Defectos Subsanables.—Cuando uno de los motivos del recurso se dirige a impugnar los defectos consignados en nota anterior no susceptible de impugnación por haber sido consentida en la vía gubernativa, la Corte Suprema debe limitarse a examinar y resolver si han sido subsanados o no dichos defectos por la parte interesada.

Operaciones Divisorias—División de Bienes—Aprobación Judicial—Ratifica- ción por los Herederos—Negativa de Inscripción.—Cuando el registrador niega la inscripción de operaciones divisorias por no haber sido éstas apro- badas judicialmente o ratificadas por un heredero que ha llegado a la mayoría de edad después de la fecha en que aquéllas se practicaron, el único medio de subsanar el defecto es presentar el justificativo de la aprobación de la autoridad judicial o de la ratificación por el heredero.

Recurso Gubernativo—Defectos no Apuntados en Nota Anterior—Nuevos Defectos—Deber del Registrador.—El registrador no debe consignar en una segunda nota defectos que no apuntó en la primera, pues es su deber reunir en una sola nota todos los motivos legales de su negativa. La expo- sición de unos motivos sin consignar otros demuestra que solo aquéllos han influído en la mente del registrador al denegar la inscripción.

Id.—Cancelación de Adjudicaciones—Defecto Subsanable—Deber del Regis- trador—Examen del Registro.—Cuando el registrador en una primera nota ha consignado como defecto el no haberse cancelado ciertas adjudicaciones que estima vigentes, y después se le presenta documentación tendente a com- probar la cancelación, es su deber, antes de negar por segunda vez la inscrip- ción, examinar los asientos del registro y consignar si las cancelaciones se han hecho o no, y si, por tanto, ha desaparecido o no el defecto por él apuntado.

Defensor Judicial—Menores—Defecto Subsanable—Id. Insubsanable.—La falta de justificación en el registro del carácter de defensor de un menor constituye defecto subsanable y no insubsanable.

Los hechos están expresados en la opinión.

Los recurrentes comparecieron en nombre propio.

El registrador interino recurrido, Sr. Francisco Socorro, no compareció.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Habiendo decretado la Corte de Distrito de Mayagüez por sentencia de 24 de diciembre de 1903, confirmada por esta Corte Suprema, la rescisión de las operaciones divisorias del caudal de Venancio Esteves y Serrano fallecido en 14 de marzo de 1892 bajo testamento otorgado en la misma fecha, cuyas operaciones particionales habían practicado su viuda y herederos en 12 de enero de 1901, procedieron dicha viuda y herederos en 15 de marzo de 1907 a practicar nuevas ope- raciones particionales que fueron protocolizadas en 23 de mayo de 1914, y en ellas se adjudicaron a Herminia, Ignacia y José Echavarría y Maisonave en pago de un crédito hipo- tecario de que eran dueños y que se obligaron a satisfacerles

la viuda y el heredero Segundo Esteves Alers, 2 porciones de terreno que representaban el haber de la viuda y de dicho heredero.

Dichas operaciones particionales fueron presentadas en el Registro de la Propiedad de Aguadilla para la inscripción de las porciones de terrenos adjudicadas a Herminia, Ignacia y José Echavarría y Maisonave, y el registrador denegó la inscripción por medio de nota que copiada a la letra dice así:

"Denegada la inscripción del precedente documento en cuanto a las parcelas de ciento veinte y nueve cuerdas treinta céntimos y treinta cuerdas setenta céntimos en el barrio de 'Culebrinas' lugar denominado 'Sonador' de San Sebastián adjudicadas a Doña Herminia, Doña Ignacia y Don José Echavarría y Maisonave, únicas de que se solicitó inscripción, porque siendo menor la heredera Doña Rafaela Esteves Alers en la época en que se practicaron las operaciones particionales de que trata, no tuvieron éstas la aprobación judicial correspondiente, no habiendo sido ratificadas posteriormente por dicha heredera, ya mayor de edad; y también porque la finca principal de que ahora nuevamente se segregan las parcelas mencionadas, fué adjudicada a Doña María Santoni y Aramburu, a Don Víctor Martínez, a 'L. Orfila y Compañía,' a Isabel Alers y a Monserrate, Mercedes y Rafaela Esteves Alers, en virtud de la división practicada en doce de enero de mil novecientos uno declarada rescindida por el Tribunal de Mayagüez, y dichas adjudicaciones por no haber sido canceladas, se hallan vigentes en la actualidad; así como también los traspasos de parte de dichas adjudicaciones hechas a Don Víctor Primo Martínez y González; y tomada en su lugar anotación preventiva que ordena la ley por el término legal, a favor de los señores Echavarría y Maisonave, a los folios cincuenta y sesenta del tomo 31°. de San Sebastián, fincas números 1775 y 1776, anotaciones letras 'A' y 'A,' practicadas con vista de otros documentos y de un escrito; con los defectos subsanables, de no haberse acreditado por Doña Isabel Alers, su carácter de heredera de Don Ventura Esteves Alers; de no haberse acreditado por Don Segundo Esteves Alers, su carácter de defensor judicial de su menor hermana Doña Rafaela de iguales apellidos; ni por Don Alberto Bravo ni por Don Lorenzo Orfila, el carácter y facultades con que comparecieron en la nueva división del caudal del causante Don Venancio Esteves y Serrano. Aguadilla, 8 de septiembre de 1914. El Registrador. Rafael Tirado Verrier."

Esa nota no fué recurrida oportunamente.

Las mismas operaciones particionales fueron presentadas nuevamente al expresado registro en 25 de marzo de 1916 con varios documentos tendentes a subsanar los defectos que habían impedido la inscripción solicitada, y el registrador volvió a denegar dicha inscripción por medio de la siguiente nota:

"No admitida la inscripción del precedente documento, que es la escritura número cincuenta y ocho otorgada en esta ciudad el día veinte y tres de mayo de mil novecientos catorce ante el Notario Don Arturo Reichard del Valle, con vista de otros, en cuanto a las parcelas de ciento veinte y nueve cuerdas treinta céntimos y de treinta cuerdas setenta céntimos, radicadas en el barrio de Culebrinas, lugar denominado 'Sonador' del término municipal de San Sebastián, y tomada en su lugar anotación preventiva por el término de ciento veinte días a favor de Doña Herminia, Doña Ignacia y Don José Echavarría Maisonave, a los folios 54 vuelto y 64 del tomo 31 del ayuntamiento de San Sebastián, fincas números 1775 y 1776, anotaciones letras B, respectivamente, por los defectos insubsanables siguientes: 1º. Porque siendo menor de edad la heredera Rafaela Esteves Alers al verificarse las operaciones particionales de bienes de que se trata, no han sido éstas sometidas a la aprobación judicial correspondiente (artículo 71 de la Ley de Procedimientos Legales Especiales de 9 de marzo de 1905, tal como está enmendado por la de 8 de marzo de 1906, página 182); 2ª. Porque en la partición de bienes, en la que está interesada la menor Rafaela Esteves Alers, no ha intervenido Don Venancio Cabrero, contador nombrado por el testador en su testamento, ni en su defecto se ha solicitado ni obtenido por la albacea Isabel Alers, el nombramiento de otro contador, de la corte de distrito competente, para verificar la división de la herencia (artículo 67 de la Ley de Procedimientos Legales Especiales de 9 de marzo de 1905, tal como está enmendado por la misma ley anteriormente citada); 3º. Porque habiendo sido calificado por esta oficina con fecha ocho de septiembre de mil novecientos catorce el anterior documento, sin que contra la calificación de que dicha nota resulta, se haya interpuesto en tiempo, el debido recurso; y habiéndose tomado de la negativa la anotación preventiva correspondiente, resulta como calificación consentida, que impide la renovación incesante de anotaciones de títulos no inscritos, que el interesado en la inscripción pretendida, no ha subsanado todos los defectos enumerados anterior-

mente, que son los mismos a que se refiere la anterior nota, y los de no haber acreditado Don Segundo Esteves Alers su carácter de defensor de su menor hermana Rafaela Esteves Alers, aun cuando pueda serlo, teniendo como se demuestra tiene en la herencia de que se trata intereses opuestos a los de su defendida, toda vez que como interesado por derecho propio interviene también en la partición. (Resoluciones de la Dirección General de los Registros y del Notariado de España de 30 de mayo de 1878, 13 de junio de 1890, y Resoluciones de nuestro Tribunal Supremo de 25 de junio y 4 de noviembre de 1909, Vol. 15, págs. 556 y 674, y 23 de junio de 1910, Vol. 16, pág. 637.) Aguadilla, abril 3 de 1916. Francisco Socorro, Registrador de la Propiedad Interino.''

Esa nota ha sido recurrida para ante esta Corte Suprema por Herminia, Ignacia y José Echavarría Maisonave, quienes para obtener su revocación alegan los siguientes motivos:

1°. Que no es de aplicación al caso el artículo 71 de la Ley de Procedimientos Legales Especiales invocado por el registrador, pues la falta de aprobación judicial en una testamentaría puede ser suplida mediante la ratificación de ella por todos los interesados siendo mayores de edad como lo eran todos los que intervinieron en las operaciones particionales de que se trata cuando se solicitó por los recurrentes la inscripción en el registro de las porciones de terreno que les fueron adjudicadas.

2°. Que no era necesaria la intervención del contador nombrado por el testador en las operaciones divisorias de Venancio Esteves Serrano ni tampoco era necesario el nombramiento de otro contador que lo sustituyera para verificar la división de la herencia.

3°. Que las adjudicaciones que impidieron la inscripción, aunque vigentes en la fecha de la primera nota del registrador habían sido ya canceladas cuando por segunda vez se solicitó la inscripción, y que el hecho de no haber acreditado Segundo Esteves Alers su carácter de defensor de su hermana Rafaela de los mismos apellidos, no constituye defecto insubsanable sino subsanable, sin que hubiera tampoco con-

flicto alguno entre los derechos de dicho defensor judicial y los de su hermana Rafaela.

4°. Que al plazo dentro del cual debe el contador practicar la división de la herencia deben aplicarse por analogía los preceptos relativos a los albaceas, y, por tanto, transcurrido el año sin haberse prorrogado por el testador o por los interesados, debe considerarse válida la partición hecha después por los herederos mayores de edad.

No podemos considerar el primer motivo del recurso, pues ese motivo se dirige, no a subsanar sino a impugnar el primer defecto consignado en la nota de 8 de septiembre de 1914, cuya nota no es susceptible de impugnación por haber sido consentida en la vía gubernativa por la parte interesada.

Nuestra acción en el presente caso debe limitarse a examinar y resolver si han sido subsanados o no por la parte interesada los defectos consignados por el registrador en la mencionada nota, según doctrina ya establecida por esta Corte Suprema en los casos de *Hernández* v. *El Registrador de la Propiedad de Aguadilla,* 14 D. P. R. 795 y 798; *Barreras* v. *El Registrador,* 15 D. P. R. 556 y 558; y *Behn* v. *El Registrador,* 21 D. P. R. 513 y 522.

Ciertamente que entre los documentos presentados al registrador al solicitar la segunda inscripción que es materia del recurso, los hay tendentes a justificar que Rafaela Esteves Alers es actualmente mayor de edad por haber nacido en el año de 1887, pero esos documentos no demuestran que lo fuera en 15 de marzo de 1907 en que se practicaron las operaciones divisorias. El único medio de subsanar el defecto apuntado por el registrador en la nota de 8 de septiembre de 1914, consistente en la falta de aprobación judicial o de ratificación por la heredera Rafaela Esteves Alers, hubiera sido la presentación del justificante de la aprobación de la autoridad judicial o de la ratificación por dicha heredera.

Tampoco cabe discutir en el fondo el segundo motivo del recurso, pues el defecto a que alude no fué consignado en la primera nota de 8 de septiembre de 1914, y el registrador,

por tanto, no ha debido consignarlo en su segunda nota recurrida.

Cuando el registrador deniega una inscripción, es su deber reunir en una sola nota todos los motivos legales de su negativa, según jurisprudencia ya establecida por la Dirección General de los Registros de España ratificada por la sección 1ª. de la ley sobre recursos contra las resoluciones de los registradores de la propiedad, aprobada en marzo 1º., 1902. La exposición de unos motivos sin consignar otros demuestra que aquéllos solos han influído en la mente del registrador al denegar la inscripción. *Roig* v. *El Registrador de la Propiedad,* 18 D. P. R. 11.

El registrador traspasó los límites de sus facultades al consignar en la segunda nota como defecto para la inscripción la falta de intervención del contador partidor en la divisoria.

En cuanto al tercer motivo, ha presentado a esta corte la parte recurrente documento tendente a demostrar que las cancelaciones de que se trata fueron hechas en el registro después de la nota de 8 de septiembre de 1914 y antes de la nota posterior recurrida; pero no aparece que hubiera sido presentado al registrador al solicitarse la segunda inscripción, y, por tanto, no podemos tenerlo en cuenta para estimar si han sido canceladas o no dichas adjudicaciones. El registrador, con examen de los asientos del registro, debió apreciar si las cancelaciones se habían hecho y si, por tanto, había desaparecido el segundo defecto apuntado en su nota de 8 de septiembre de 1914, consignando por modo expreso su calificación sobre el particular en la nota hoy recurrida.

El carácter de defensor de la menor Rafaela Esteves Alers no ha sido comprobado y, por tanto, subsiste como defecto subsanable, que de tal y no de insubsanable lo calificó el registrador en su nota de 8 de septiembre de 1914. Si era incompatible la propia representación de Segundo Esteves Alers con la de defensor de su hermana Rafaela de los mismos apellidos no es punto a discutir en el presente recurso

por no haberse consignado tal defecto en la primera nota, y no poder ser motivo de la segunda.

También es materia extraña al presente recurso, la cuarta razón alegada para sostenerlo, pues como ya hemos dicho antes, nuestra acción debe limitarse a examinar y resolver si se han subsanado o no los defectos consignados en la nota de 8 de septiembre de 1914.

En cuanto a los defectos subsanables consignados en dicha nota, se ha subsanado mediante la certificación correspondiente el de no haberse acreditado que Isabel Alers comparecía en su carácter de heredera de Ventura Esteves Alers, y también se ha demostrado mediante escritura pública el carácter y facultades con que compareció Lorenzo Orfila en la divisoria de que se trata. No sucede lo propio con la falta de representación de Alberto Bravo.

Por las razones expuestas, y aceptando las consignadas en la nota de 3 de abril de 1916, consistentes con aquéllas, es de confirmarse la expresada nota.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.