José A. Vincenty, recurrente, *v.* El Registrador de la Propiedad de Mayagüez, recurrido.

No. 776.—*Sometido:* Julio 24, 1929. *Resuelto:* Nov. 8, 1929.

*José Sabater* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

José A. Vincenty solicitó del registrador de la propiedad que practicara una nota marginal de una orden dictada por una corte de distrito prohibiendo la enajenación

de ciertos bienes inmuebles, de acuerdo con las disposiciones de la ley para asegurar la efectividad de las sentencias, aprobada el primero de marzo de 1902, Comp. Estatutos Revisados, secciones 5233 *et seq.* Esta solicitud iba acompañada por sellos de rentas internas en cantidad suficiente para satisfacer los derechos correspondientes a una nota marginal, de acuerdo con el párrafo No. 4 del arancel, tal como fué enmendado en 1917 (Leyes de ese año, tomo 2, pág. 312) cuya parte pertinente lee como sigue:

"Notas especiales, inscripciones y anotaciones. Cuando por consecuencia de la presentación no deba verificarse inscripción ni anotación y sí extender notas marginales, por cada una de ellas $0.50."

El párrafo quinto del mismo arancel fija los derechos a cargarse "por cada inscripción o anotación y consiguientes notas marginales que no estén comprendidas en los números precedentes. . . ."

El registrador exigió que se le presentara el recibo del pago de las contribuciones como evidencia del valor de la propiedad inmueble descrita en la orden de la corte de distrito, con el fin de cobrar los derechos prescritos en el párrafo 5° *supra,* por una inscripción o anotación "que no esté comprendida en los números precedentes". El abogado de Vincenty se negó a presentar el recibo del pago de las contribuciones e insistió en su solicitud original al efecto de que se practicara una nota marginal de acuerdo con el párrafo 4° del arancel. Entonces el registrador trató de devolver los documentos al abogado de Vincenty, quien rehusó recibirlos. El registrador no efectuó nota o asiento alguno en los libros del Registro.

■■ Por dos motivos no podemos convenir con el registrador en que la cuestión primordial envuelta es la interpretación del artículo 24 de la "Ley asignando sueldos a los registradores de la propiedad, y para otros fines", según quedó enmendada en 1928 (Leyes de ese año, pág. 232) primero, porque se depositaron suficientes sellos de rentas internas para

cubrir el costo de la nota marginal solicitada, y segundo, porque el registrador no exigió un depósito adicional para ese fin. Por el primero de estos dos fundamentos la doctrina del caso de *Nazario Figueroa* v. *El Registrador*, 36 D.P.R. 773, invocado por el registrador es igualmente inaplicable.

Al negarse el abogado de Vincenty a presentar el certificado del pago de las contribuciones, y en vista de la insistencia del letrado sobre el cumplimiento de la solicitud original respecto a una nota marginal de acuerdo con lo dispuesto en el párrafo 4 del arancel, el registrador debió haber resuelto la cuestión así presentádale, bien allanándose a lo solicitado o endosando su negativa junto con las razones en apoyo de la misma, en el documento que le fuera sometido con tal fin. A falta de tal resolución la cuestión respecto a cuál de estas alternativas debió haberse adoptado no está ante nos.

Al presentarse un documento con la solicitud de una nota marginal, acompañada de sellos suficientes al objeto, el registrador no tenía derecho a insistir en que se le mostrara un recibo de las contribuciones con el fin de determinar la cantidad requerida para la inscripción de tal documento, ante la protesta de la parte mayormente interesada, de que no deseaba el asiento contemplado por el registrador. El registrador erró al tratar de devolver ese documento a la parte de quien lo recibió sin antes resolver definitivamente la cuestión suscitada por la solicitud de una nota marginal.

*Debe devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Señor Texidor no intervino.