ESTEBAN POZZI DE JESÚS, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE PONCE, recurrido.

No. 804.—*Sometido:* Marzo 26, 1930. *Resuelto:* Abril 24, 1930.

*R. Atiles,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En un procedimiento para que se declarase el dominio de cuatro predios de terreno, A, B, C y D, Esteban Pozzi de Jesús obtuvo decreto aprobatorio y una orden para que se cancelaran ciertos asientos en el registro de la propiedad.

El registrador se negó a cancelar los asientos y a inscribir las fincas C y D a nombre de Esteban Pozzi de Jesús. El primer motivo señalado fué el de que de la copia certificada del decreto no constaba que los herederos de Romualda de Jesús y Maldonado, que habían sido "citados y oídos," hubiesen expresado en corte abierta su conformidad con la cancelación, o que se hubiera declarado sin lugar cualquier objeción formulada por ellos.

Doña Romualda de Jesús Maldonado hubo las dos fincas en 1902. Se hizo mención en el registro de la propiedad de una hipoteca especial constituída sobre estas dos fincas por doña Romualda a favor de sus hijos Romualda, Esteban, Emilia, Luisa y Francisco Pozzi de Jesús. Luisa falleció, y su participación en la hipoteca pasó por herencia a la madre. Al morir doña Romualda, las dos fincas pasaron a los cuatro hijos que la sobrevivieron, tres de los cuales vendieron su condominio pro indiviso a Esteban, el aquí recurrente.

Otra hipoteca que se alegaba haber sido satisfecha aparecía inscrita a nombre de Angela Piazza y Canosi.

El decreto dice que Romualda, Micaela, Francisco y Emilia Pozzi de Jesús fueron expresamente citados como

únicos y universales herederos (en unión del promovente) de su finada madre con el propósito de obtener la cancelación de los asientos que constaban en el registro a nombre de Romualda de Jesús Maldonado como dueña de las fincas C y D; que Romualda, Emilia y Francisco Pozzi de Jesús fueron también citados como partes interesadas en la mención de hipoteca que el peticionario trataba de cancelar fundándose en la extinción de la misma por confusión; y que doña Angela Piazza y Canosi fué asimismo expresamente citada en cuanto a la cancelación propuesta del gravamen hipotecario perteneciente a ella sobre las fincas C y D que se alegaba había sido extinguido mediante pago.

El decreto expresa además que:

". . . las partes que pueden ser afectadas por la cancelación de las inscripciones de dominio de las fincas 'C' y 'D', que obran en el Registro de la Propiedad de Ponce, a favor de la extinta Romualda de Jesús Maldonado, son sus legítimos hijos Romualda, Micaela, Francisco y Emilia Pozzi de Jesús, que en unión del promovente son los únicos y universales herederos de la extinta; y las partes que pueden ser afectadas por la cancelación que se pide de la hipoteca que grava dichas fincas 'C' y 'D', por $900 de principal, $100 de intereses y $100 de costas, es únicamente doña Angela Piazza y Canosi; y las partes que podrían ser afectadas por la cancelación que se pide de la hipoteca especial que se menciona en las aludidas fincas 'C' y 'D', son Romualda, Emilia y Francisco Pozzi de Jesús, cuyos derechos han quedado confundidos a tenor del art. 1160 del Código Civil, por haber heredado dichas fincas afectas al gravamen, en unión del promovente.

A esto sigue la aserción de que:

". . . Se ha probado que todas y cada una de las arriba indicadas personas han sido citadas expresamente, con los apercibimientos correspondientes, y se les ha dado debida y cumplida noticia de las cancelaciones que se piden, en la .parte que a cada uno les concierne, y han sido debidamente oídos en cuanto a estos particulares. . ."

El registrador se funda en un *dictum* que aparece a continuación de una cita de Morell en *Canino* v. *El Registrador,* 31 D.P.R. 434, 439.

En el caso de autos, la aseveración hecha por el juez de distrito de que las parte interesadas habían sido debidamente oídas respecto a los extremos en cuestión, necesariamente implica que esas personas, que habían sido debidamente informadas del propósito del promovente a virtud de la citación, consintieron o se opusieron a la cancelación propuesta. Si fueron oídas y no hicieron objeción alguna, prestaron su consentimiento. Si no lo prestaron, la parte dispositiva del decreto es suficiente evidencia de que cualquier objeción interpuesta por ellos fué declarada sin lugar.

El registrador especifica como otro motivo de su resolución el no haberse ordenado la cancelación en ejecutoria recaída en el correspondiente juicio, y el no haberse pagado los derechos de inscripción.

La sentencia fué dictada en 2 de enero de 1929 y registrada el 3 del mismo mes y año. Fué presentada para su inscripción en diciembre 17. Era ejecutoria en aquel momento a menos que se hubiera interpuesto apelación y estuviese pendiente. El dejar de excluir tal posibilidad era, a lo sumo, un defecto subsanable. *Martínez* v. *El Registrador*, 16 D.P.R. 273, y *Soto* v. *El Registrador*, 15 D.P. R. 611.

La sentencia y orden fueron dictadas en un procedimiento adecuado. *Canino* v. *El Registrador, supra; Alarcón* v. *Registrador*, 35 D.P.R. 41.

El recurrente insiste en que satisfizo los derechos exigidos por el registrador al presentar la copia certificada del decreto. El registrador no impugna esta aseveración. En ausencia de cualquier requerimiento o negativa ulterior, la mera omisión de pagar más de la cantidad señalada por el registrador al presentarse el documento no es suficiente para justificar la nota recurrida.

*Esa nota debe ser revocada.*