Asociación Fondo de Ahorro y Préstamo de los Empleados del Gobierno Insular de Puerto Rico, recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

Núm. 996.—*Sometido:* Abril 20, 1937. *Resuelto:* Mayo 5, 1937.

*R. Martínez Nadal* y *C. H. Juliá,* abogados de la recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Ramonita Soltero Peralta, mayor de edad, soltera y vecina de Río Piedras, adquirió por compra a Elena Peralta y López una finca rústica sita en el término municipal de Sabana Grande, y en 24 de junio de 1936 la hipotecó a la Asociación recurrente en garantía de un préstamo hipotecario. El préstamo fué garantizado también con hipoteca sobre una finca urbana propiedad de la prestataria y radicada en el municipio de Río Piedras.

En la escritura por la cual la señorita Soltero adquirió la finca rústica y constituyó la hipoteca, la adquirente hizo constar expresamente que ha adquirido dicho inmueble *para fines puramente de negocios y que por lo tanto no ha constituído ni piensa constituir en el futuro su hogar seguro (home-*

*stead) sobre dicha finca, y que por esta condición especial, a los efectos de la concesión de este préstamo, y en consideración del mismo, por la presente renuncia a favor de la acreedora cualquier derecho o privilegio de Hogar Seguro (homestead) que pudieran conferirle las leyes actuales sobre la materia mientras esté insoluta la deuda.*

Presentada dicha escritura al registrador recurrido, para su inscripción, negóse éste a inscribirla en cuanto a la renuncia del derecho de Hogar Seguro, exponiendo sus razones en la siguiente nota:

"Inscrito el precedente documento en cuanto a la venta e hipoteca de la finca de 38.04 cuerdas sita en el barrio Santana de Sabana Grande, al folio 66 vuelto del tomo 39 de Sabana Grande, finca 1368 e inscripción segunda, denegándose en cuanto al derecho de renuncia de Hogar Seguro por ser dicho derecho irrenunciable de acuerdo con la ley núm. 87 de fecha 13 de mayo de 1936 (Leyes de 1935 (1) pág. 461), y tomando en su lugar anotación preventiva por el término de 120 días que marca la ley a favor del acreedor hipotecario de su expresado derecho."

La asociación recurrente solicita la revocación de la nota recurrida y que se ordene la cancelación del defecto consignado por el registrador en la inscripción de la escritura de venta e hipoteca.

El recurrido solicita la desestimación del recurso por haber sido éste interpuesto después de haber expirado el término de veinte días contado desde la fecha en que el presentante del documento fué notificado de la nota denegatoria recurrida. Del récord aparece que la notificación al presentante se hizo el día 13 de enero de 1937, y que el presente recurso fué interpuesto el día 28 de abril de 1937.

La sección 3 de la ley de 1 de marzo de 1902, Estatutos Revisados (1911) sec. 2182, lee así:

"Si el interesado recogiere el documento, podrá presentarlo al tribunal dentro de los veinte días siguientes a la notificación de la negativa que debió hacerle el registrador y se decidirá el recurso según dice la sección 2 de esta ley."

El término de veinte días fijado por el estatuto es jurisdiccional y por lo tanto este tribunal carece de facultad para conocer de un recurso que como el presente ha sido interpuesto después de haber expirado dicho término. La nota recurrida quedó consentida por el transcurso del término legal. Véanse: *Hernández* v. *Registrador,* 14 D.P.R. 795; *Barreras* v. *Registrador,* 15 D.P.R. 556; *Porrata* v. *Registrador,* 26 D.P.R. 298.

*Por las razones expuestas se desestima el recurso.*