LA IGLESIA CATÓLICA, APOSTÓLICA Y ROMANA EN PUERTO RICO, DIÓCESIS DE SAN JUAN, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, recurrido.

Núm. 1278.—*Sometido:* Noviembre 5, 1951    *Resuelto:* Noviembre 27, 1951.

*Heriberto Torres Solá,* abogado de la recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Baldomero Fernández Gómez, un cura católico, falleció

en 1923, dejando un testamento en que decía que "no teniendo herederos forzosos, es su voluntad, que a su fallecimiento, el caudal que constituya su haber, sea dividido en tres partes iguales, una de ellas para que se hagan misas en sufragio y beneficio del alma del testador; una tercera parte, por partes iguales, para limosnas a pobres y para la Iglesia de la cual sea Párroco el otorgante, y la otra tercera parte para la persona que le asista hasta su muerte."

En 1927 se presentó al Registro de la Propiedad de San Juan, Sección Primera, para inscripción, en tanto en cuanto afectaba una casa y solar en San Juan, una escritura otorgada en 1925 por la cual se intentaba dividir y adjudicar los bienes del causante, incluyendo un condominio en la casa y solar de San Juan. La escritura copiaba el testamento, copia del cual se presentó al entonces registrador como documento complementario, y una resolución de la corte de distrito. Esta resolución contenía un inventario y avalúo de los bienes del testador. La resolución también ordenaba el pago de ciertas reclamaciones que no nos conciernen en este recurso. Además, aprobaba una disposición al efecto de que una sexta parte de los bienes destinados a limosnas a pobres fuera entregada al Obispo Católico, Apostólico y Romano de Puerto Rico con el fin de que la voluntad del testador a este respecto fuera cumplida. La resolución autorizaba al administrador judicial a que vendiera los bienes del causante, de ser necesario, para dar cumplimiento a las disposiciones del testamento, y también disponía que tal resolución constituía un título inscribible a favor de los adquirentes. Sin embargo, la escritura decía que por el contrario, ciertas participaciones en los bienes inmuebles, basadas en su valor, se estaban adjudicando allí y entonces a las supuestas partes interesadas. De conformidad, por la escritura se pretendía establecer un condominio para la recurrente en un interés indiviso de ¾ partes en la casa y solar de San Juan, para cumplir con el legado referente a limosnas a los pobres.

El entonces registrador inscribió la escritura en cuanto a ciertos particulares, pero denegó la inscripción a nombre de la Iglesia del interés indiviso de ¾ partes en la propiedad de San Juan, con respecto a una mitad de una tercera parte de los bienes del testador dejados para limosnas a los pobres, por el fundamento de que no se cumplió con el artículo 678 del Código Civil, ed. de 1930. (¹)    Contra esa nota del regis-- trador no se recurrió para ante este Tribunal.

El 17 de noviembre de 1950 la misma escritura y docu- mentos complementarios fueron presentados nuevamente al actual registrador, para que se inscribiera el interés indiviso de las ¾ partes de la Iglesia en la propiedad de San Juan. Denegó el registrador la inscripción por el fundamento de que "no habiéndose acompañado ahora ningún otro documento por el cual se pueda venir en conocimiento de que el defecto consignado por el Registrador haya sido subsanado sino que el interesado se limita a exponer meras opiniones y razona- mientos insuficientes para convertir en inscripción la nota denegatoria que fué consentida en la vía gubernativa por no haber ejercitado el recurso gubernativo correspondiente...". Este recurso gubernativo va dirigido contra esta última nota del registrador.

La recurrente alega que tiene derecho a una decisión en los méritos en cuanto a su solicitud de inscripción, bajo la teoría de que la nota del registrador anterior por la cual denegó la inscripción en cuanto a dicho condominio y tomó anotación preventiva por 120 días "caducó por vencimiento de

(¹) El artículo 678 prescribe como sigue:

"Las disposiciones hechas a favor de los pobres en general, sin desig- nación de personas ni de población, se entenderán limitadas a los del do- micilio del testador en la época de su muerte, si no constare claramente haber sido otra su voluntad.

"La calificación de los pobres y la distribución de los bienes se harán por la persona que haya designado el testador; en su defecto, por los al- baceas, y si no los hubiere, por el alcalde y juez municipal del domicilio del testador.

"Esto mismo se hará cuando el testador haya dispuesto de sus bie- nes en favor de los pobres de un lugar determinado."

su término." Convenimos con el actual registrador en que en este estado del procedimiento, nuestra única función es determinar si el supuesto defecto apuntado por el registrador anterior ha sido subsanado. *Echavarría et al.* v. *El Registrador*, 24 D.P.R. 87; *Behn* v. *Registrador de la Propiedad*, 21 D.P.R. 513. Aquí no se alega que tal defecto se haya subsanado. En consecuencia, no encontramos base alguna para revocar la nota del registrador en este caso.

*La nota del Registrador será confirmada.*