JOSÉ A. GONZÁLEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE PONCE, recurrido.

Número 1298.

*Sometido:* 9 de julio de 1953. *Resuelto:* 10 de agosto de 1953.

*Aníbal Padilla,* abogado del recurrente; *Federico Enjuto Fe-rrán,* Registrador General de Puerto Rico, actuando por el registrador recurrido, compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

El día 25 de octubre de 1927 el Registrador de la Propiedad de Ponce, inscribió una escritura de compraventa de una propiedad en cuanto a las participaciones de algunos de los vendedores, pero denegó la inscripción en cuanto a la participación transmitida por doña Carmen Gómez Rodríguez "por haberse enajenado (sic) sin el expreso consentimiento del esposo de dicha señora". Contra esa nota no se interpuso ante nos recurso gubernativo alguno. Después de varias transferencias de la misma propiedad, ella fué vendida al recurrente en el caso de autos, el 15 de marzo de 1950. El recurrente presentó la escritura de venta al Registro de la Propiedad de Ponce, para su inscripción, y el 18 de julio de 1950 el Registrador expidió la siguiente nota:

"Inscrita la venta de la finca con excepción de la participación que en el solar corresponde a doña Carmen Rodríguez, con respecto a la cual se deniega la inscripción tomando en su lugar la correspondiente anotación por el término de ciento veinte días, al folio 41 del tomo 304 de Ponce, finca número 4568 duplicado inscripción 11. Dicha finca no tiene cargas. Ponce, julio 18 de 1950. Fdo. Miguel Planellas."

Tampoco fué impugnada esa nota mediante un recurso gubernativo. El 30 de enero de 1952 el recurrente sometió al Registrador un escrito intitulado "Instancia al Registrador Para Corregir Anotación", en que expuso que de una escritura previa de retroventa sometida a inscripción registral con respecto a la misma finca, en el año 1922 surgía que doña Carmen Gómez Rodríguez había adquirido su participación en la misma finca en virtud del ejercicio del dere-

cho de retracto y que, por lo tanto, bajo las disposiciones del artículo 1299 del Código Civil, (¹) su participación constituía un bien privativo de ella y no era parte de sus bienes gananciales, no necesitando el consentimiento de su esposo para vender su participación. Solicitó del Registrador que corrigiese la nota ya mencionada e inscribiese la participación de doña Carmen Gómez Rodríguez.

El 2 de junio de 1953 el Registrador recurrido devolvió el documento de instancia con la siguiente anotación:

"Devuelto este documento y la copia de la escritura número 86 otorgada el 31 de julio de 1922, ante el Notario José Tous Soto, que se acompaña al mismo, sin practicarse la inscripción o corrección de la denegatoria de las inscripciones 6a. y 7a. del tomo 304 de Ponce por los motivos siguientes:

(a) La inscripción 6a. supradicha fué practicada el 25 de octubre de 1927, con el defecto subsanable de no expresarse el nombre del esposo de Carmen Gómez Rodríguez, y la inscripción séptima siguiente, practicada en igual fecha, fué denegada en cuanto a la participación trasmitida por doña Carmen Rodríguez (Gómez Rodríguez) por haberse enajenado, sin el expreso consentimiento del esposo de dicha señora, tomándose en su lugar la correspondiente anotación por el término de 120 días, de dicho defecto subsanable y negativa quedó notificado el interesado el 17 de enero de 1928, según consta de la nota consignada al pie de dicha escritura.

(b) Que de conformidad con lo resuelto en *Quiñones v. Registrador,* 43 D.P.R. 37, la corrección o rectificación de asientos en el Registro de la Propiedad no puede hacerse si no es mediante el procedimiento adecuado que establecen los artículos 255 y 256 de la Ley Hipotecaria. Ponce, Puerto Rico, junio 2 de 1953. El Registrador Fdo. Miguel Planellas."

Contra esa última actuación el promovente José A. González ha interpuesto un recurso gubernativo ante nos.

No aparece de los autos que se interpusiera recurso gubernativo alguno contra las notas del Registrador de 25 de octubre de 1927 y de 18 de julio de 1950. Por lo tanto,

(¹) El artículo 1299 ·dispone, en parte, que son bienes propios de cada uno de los cónyuges los adquiridos por derecho de retracto.

esas notas deben ser consideradas como consentidas por el transcurso del término legal de 20 días señalado por la sección 3 de la ley de marzo 1 de 1902, para recurrir contra resoluciones de los registradores de la propiedad. *Asociación, Fondo de Ahorro y Préstamo* v. *Registrador*, 51 D.P.R. 486; *Porrata* v. *Registrador*, 26 D.P.R. 298. No procede, por lo tanto, el que consideremos en el recurso gubernativo ante nos la validez de esas notas que no fueron impugnadas. Incidentalmente, cuando es denegada la inscripción de un documento y la parte interesada no recurre contra esa negativa y luego lo presenta de nuevo acompañado de los mismos documentos y su inscripción es igualmente denegada, en el recurso gubernativo contra esa nota denegatoria este Tribunal tan sólo puede determinar si el defecto apuntado por el registrador anterior fué subsanado. *Iglesia Católica* v. *Registrador*, 72 D.P.R. 847.

Con respecto a la actuación del Registrador de 2 de junio de 1953, negándose a corregir las notas denegatorias anteriores, cuya actuación es la que sirve de objeto a este recurso gubernativo, esa actuación no equivale a una resolución denegando o suspendiendo alguna inscripción, anotación o cancelación, por lo que no procede el recurso gubernativo en este caso, ya que solamente se puede recurrir gubernativamente cuando los registradores denieguen o suspendan alguna inscripción, anotación o cancelación. *Jiménez* v. *Registrador*, 62 D.P.R. 547. Lo que solicitó el recurrente del Registrador fué que corrigiese una inscripción o nota anterior que no había sido impugnada directamente, solicitando así, en esencia, el recurrente que se decrete la nulidad de las anteriores inscripciones y se practique una nueva, y, por lo tanto, la nota denegatoria de esa instancia de rectificación no puede ser objeto de un recurso gubernativo. *Jiménez* v. *Registrador*, supra. Los recursos gubernativos sólo se dan contra las negativas de los registradores a inscribir, anotar o cancelar títulos presentados al registro, pero no

'contra otras resoluciones de distinta naturaleza que puedan afectar derechos de partes y contra las cuales los interesados pueden utilizar otros remedios legales. *Banco de Ponce* v. *Registrador*, 58 D.P.R. 602. En el caso de autos el recurrente no recaba una inscripción, anotación o cancelación, sino que más bien solicita del Registrador que, "usando de su discreción cuasi judicial practique una operación . . . sobre la . . . situación legal de un inmueble," (*Orta* v. *Registrador*, 60 D.P.R. 789, 791), por lo que no procede el recurso gubernativo.

*Procede desestimar el recurso gubernativo sin perjuicio de los derechos que puedan asistir a las partes.*