THE CHASE MANHATTAN BANK, N.A., recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, SECCIÓN SEGUNDA, recurrido.

*Número:* O-69-73    *Resuelto:* 10 de diciembre de 1969

*Fiddler, González & Rodríguez* y *Manuel Hernández Penzol,* abogados del recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En 20 de noviembre de 1968 se presentó para inscripción en el Registro de la Propiedad, Sección Segunda de Caguas, copia certificada de la escritura núm. 137 de fecha 10 de agosto anterior otorgada ante el Notario David Carrión Fuentes, mediante la cual Higinio Muñoz Vicens constituyó hipoteca sobre un inmueble a favor del recurrente The Chase Manhattan Bank, N.A. El presentante consignó veintiún dólares en sellos de rentas internas para satisfacer los derechos arancelarios prescritos por la ley. Conforme sostiene el registrador recurrido, en 29 de noviembre se dirigió por correo ordinario al presentante al cuidado del Lic. Carrión Fuentes, (¹) al observar que existía una deficiencia de tres dólares en el importe de los derechos que devengaba la operación registral, para requerirle el envío de las estampillas necesarias. No habiendo recibido contestación ni los sellos para completar los derechos, en 13 de febrero de 1969, el registrador procedió a denegar el asiento de presentación, hecho que notificó al presentante mediante comunicación de la misma fecha dirigida nuevamente al cuidado del notario autorizante, a la siguiente dirección "Apartado 867, Bayamón, P.R. 00619".

El recurrente expone que recibió esta última notificación en o alrededor del 17 de marzo, y dos días después, ofreció remitir la diferencia en los derechos arancelarios, no siendo aceptados. Nuevamente en 29 de marzo, esta vez a un registrador interino, y en 10 de abril, a otro registrador, se reiteró la oferta indicada, con igual suerte, por expresar estos funcionarios que el asiento había sido denegado por otro registrador, careciendo ellos por tanto de facultad para dejar sin efecto la denegatoria.

No es hasta el 11 de abril de 1969 que se interpuso el presente recurso gubernativo contra la actuación del registrador recurrido, apuntándose que incidió al denegar el

---

(¹) El recurrido no indica la dirección a la cual envió esta comunicación.

asiento de presentación "pues no le requirió al interesado o su representante para que depositara la diferencia de los derechos arancelarios para la inscripción de dicho documento." Alega que nunca recibió la notificación del registrador de fecha 29 de noviembre—hecho que pretende sustanciar con declaraciones juradas del presentante y del notario autorizante—y que de haberse ésta cursado no lo fue a la dirección que el presentante informó a la empleada a cargo de la presentación de documentos, dirección que se hizo constar en el mismo asiento de presentación y en la carátula del documento presentado. (²)

En *Nazario Figueroa* v. *Registrador*, 36 D.P.R. 773 (1927) resolvimos que, copiando del sumario, "Cuando no se entregan al registrador sellos suficientes de acuerdo con el arancel de los registros de la propiedad, aquél no debe hacer operación alguna en el registro y no denegar la inscripción." (³) Para enfrentarse a esta situación, el legislador, mediante enmienda por adición a la Sec. 24 de la Ley Asignando Sueldos a los Registradores de la Propiedad, Ley de 10 de marzo de 1904 (Leyes, pág. 144), proveyó por la Ley Núm. 39 de 23 de abril de 1928 (Leyes, pág. 233), que cuando a juicio del registrador para practicar la operación solicitada se requiriere mayor cantidad de derechos que la depositada se solicitaría al interesado para que depositara la diferencia y si ello no se hacía dentro del término que duraban los efectos del asiento de presentación, se suspendería la inscripción o anotación por medio de nota fundada

---

(²)"Federico Tilén, Jr.
c/o Lic. David Carrión Fuentes
G.P.O. Box 3507, San Juan, Puerto Rico
Tel. 723-9630—Santurce, P.R."

(³)En España, el Art. 615 del Reglamento de la Ley Hipotecaria dispone que nunca se detendrá ni denegará la inscripción por falta de pago, pero autoriza al registrador a recurrir a la vía de apremio para gestionar el pago. El interesado, a su vez, puede solicitar de la Dirección General de los Registros y del Notariado que se reforme la cuenta presentada.

al margen del asiento de presentación. Esta nota tenía una duración de 120 días y contra la misma podía recurrirse en recurso gubernativo para ante el Tribunal Supremo. Si la nota se revocaba, el registrador procedía a inscribir o anotar el documento; si se confirmaba, el interesado podía conseguirla mediante el depósito de la diferencia en sellos exigidos por el registrador. [4]

Esta disposición estuvo en vigor hasta la aprobación de la Ley Núm. 67 de 20 de junio de 1963, 30 L.P.R.A. sec. 1767c, que, copiada a la letra, lee:

"Cuando al practicarse cualquiera operación en el registro resultare que la misma, a juicio del Registrador, devenga mayor cantidad de derechos arancelarios que la depositada en sellos por el presentante, dicho funcionario requerirá al interesado para que deposite la diferencia, y si éste no lo hiciere dentro del plazo que duran los efectos del asiento de presentación, el Registrador denegará el asiento correspondiente, por medio de nota fundada que extenderá al margen o al dorso del asiento de presentación y al pie del título o documento de que se trate. Esta nota durará sesenta días, durante los cuales estará vigente el expresado asiento de presentación; y de ella podrá recurrirse para ante el Tribunal Supremo de Puerto Rico, de acuerdo con la Ley de primero de marzo de 1902, según ha sido posteriormente enmendada.

Si la nota es revocada, el Registrador procederá a realizar el asiento procedente; y si se confirma quedará automáticamente cancelado el asiento de presentación y el interesado deberá presentar nuevamente el título, depositando los sellos exigidos por el Registrador. Cuando la Corte estimare que los derechos en sellos de rentas internas son diferentes a los depositados y a la cantidad exigida por el Registrador, aquél deberá, en su caso, depositar en el Registro la diferencia correspondiente, al objeto de obtener la inscripción del título presentado. En este supuesto, la expresada diferencia deberá ser depositada, con devolución del título al Registrador, en un plazo no mayor de

---

[4] Véanse, *Casalduc* v. *Registrador*, 67 D.P.R. 619 (1947); *Pozzi* v. *Registrador*, 40 D.P.R. 854 (1930) y *Vicenty* v. *Registrador*, 40 D.P.R. 126 (1930).

cinco días, contados desde la fecha de la resolución dictada por el Tribunal Supremo y el Registrador efectuará el asiento pertinente en los diez días subsiguientes a la devolución, quedando dichos plazos amparados por el asiento de presentación.

Si el interesado no depositare la cantidad señalada por la Corte, con devolución del título al Registrador, en el plazo a que se refiere el párrafo anterior, caducará el asiento de presentación y el Registrador procederá, de oficio, a cancelarlo."

Como se observará se introdujeron varios cambios que se explican en el informe de las Comisiones de lo Jurídico y de Hacienda de la Cámara de Representantes, Diario de Sesiones, vol. 17, tomo 4, pág. 1845, en la siguiente forma:

"6. El último cambio propuesto se refiere al procedimiento a seguirse en caso de discrepancia entre los presentantes y el Registrador en cuanto a los derechos arancelarios que devenga la operación solicitada. Se propone en el proyecto que el Registrador solicitará del presentante que deposite la diferencia dentro del plazo que duran los efectos del asiento de presentación. De no hacerse así, el Registrador denegará el asiento correspondiente por medio de una nota que extenderá al margen o al dorso del documento de que se trate. Esta nota tendrá una duración de sesenta días. En esta forma se cambia la norma vigente de que cuando no se consignen los derechos arancelarios que, a juicio del Registrador, devengue el documento se consigna en el Diario una nota de suspensión cuya nota dura ciento veinte días.

En el proyecto, al igual que en la actualidad, de la nota denegatoria se puede recurrir para ante el Tribunal Supremo de Puerto Rico. De ser revocada la nota del Registrador, éste procederá a practicar el asiento correspondiente. En caso de que la nota sea confirmada, quedará automáticamente cancelado el asiento de presentación y el interesado deberá de presentar de nuevo el título, si es que interesa su inscripción, con la diferencia de derechos que corresponda.

Cuando el Tribunal Supremo estime que los derechos son diferentes a los depositados y a la cantidad exigida por el Registrador, o sea, cuando determine que no tiene razón ni el presentante ni el Registrador, la medida propone que el presentante deberá depositar la diferencia en derechos y devolver el título al Registrador dentro de un plazo no mayor de cinco

días contados desde la fecha de la resolución dictada por dicho tribunal. El Registrador deberá practicar la operación pertinente dentro de los diez días subsiguientes a la devolución del título y de los sellos, quedando dichos plazos amparados por el asiento de presentación. Si el interesado no deposita los sellos correspondientes y devuelve el título correspondiente dentro de los cinco días referidos, caducará el asiento de presentación y el Registrador procederá a cancelarlo de oficio."

Nos hemos extendido en este recuento histórico para destacar que la intervención de este Tribunal en estos casos está limitada únicamente a las situaciones en que entre el interesado y el registrador existe discrepancia sobre el importe de los derechos que devenga una operación en el Registro. El problema que en esencia se plantea en este recurso—la existencia de una notificación válida al interesado sobre una deficiencia en los derechos consignados—es ajeno a nuestro conocimiento. Baste observar que se trata de resolver una controversia de hechos, en relación con la cual es necesario practicar prueba; sujeta a apreciación y a ser dirimida con audiencia a quienes puedan ser perjudicados. [5] Cf. *González* v. *Registrador*, 75 D.P.R. 366 (1953); *Jiménez* v. *Registrador*, 62 D.P.R. 547 (1943); *Pueblo* v. *Registrador*, 44 D.P.R. 797 (1933). Roca Sastre, al delinear la naturaleza del recurso gubernativo, apunta que *"No tiene naturaleza judicial contenciosa, porque en él no hay contienda inter partes." Derecho Hipotecario,* (ed. 1954) tomo II, pág. 43. Como se verá el recurrente no recurre del contenido del asiento, no impugna los fundamentos de la denegatoria; se apoya en una alegada omisión en el procedimiento registral que necesariamente está sujeta a prueba ante los tribunales.

*Por tanto, debe desestimarse el recurso por falta de jurisdicción.*

---

[5] Observa el recurrido que con posterioridad a la denegatoria aquí considerada se ha inscrito una hipoteca a favor del tenedor de un pagaré y se han practicado anotaciones a favor del Fondo del Seguro del Estado y Estados Unidos de América, cuya prelación registral quedaría afectada de prevalecer el banco recurrente.

El Señor Juez Presidente y los Jueces Asociados Señores Hernández Matos y Rigau no intervinieron.