CAGUAS FEDERAL SAVINGS AND LOAN ASSOCIATION OF PUERTO RICO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD, SECCIÓN SEGUNDA DE SAN JUAN, recurrido.

Número: O-75-29    Resuelto: 31 de marzo de 1975

*Rafael Rodríguez Ema* y *Tomás Céspedes,* abogados de la recurrente; *Angel González Román,* Registrador de la Propiedad, Sección Segunda de San Juan, compareció en representación del Registrador recurrido.

PER CURIAM: El 29 de mayo de 1974 el señor Registrador de la Propiedad de la Sección Segunda de San Juan exten-

dió al pie de una escritura de venta judicial la siguiente nota:

"Por el término legal de 120 días, queda devuelto el presedente [*sic*] documento sin practicarse operación alguna por no acreditarse que han sido publicados los edictos correspondientes para la celebración de la subasta y no se acredita además que los acreedores posteriores hayan sido notificados. Conforme a lo dispuesto 30 LPRA, 1095 y 221 artículo 167 del Reglamento Hipotecario y 32 LPRA, sección 1141 a 1147. San Juan, a 29 de mayo de 1974."

La escritura objeto de la nota fue otorgada ante el notario Rafael Rodríguez Ema, siendo los comparecientes el Caguas Federal Savings, quien era dueño del crédito hipotecario en virtud del cual se había vendido judicialmente la propiedad, y don Rafael Torres Machuca, Alguacil del Tribunal Superior de Puerto Rico.

Exponían las partes que la venta judicial se había llevado a cabo previa una demanda de ejecución por la vía ordinaria que había culminado en una sentencia a favor del Caguas Federal Savings, lo cual posteriormente dio lugar a que el tribunal de instancia expidiera mandamiento de ejecución a su alguacil. Contenía la escritura una copia *verbatim* de la sentencia dictada, del mandamiento de ejecución y del acta de subasta levantada por el alguacil. En su cláusula 6ª las partes otorgantes pedían al Registrador que cancelara los "gravámenes previos [*sic*]" que en el Registro de la Propiedad afectaran la propiedad objeto de la escritura. No contenía dicha escritura copia del mandamiento que debió haber expedido el tribunal de instancia para que el Registrador pudiera cancelar los gravámenes posteriores al del Caguas Federal Savings. Tampoco se acompañó dicho mandamiento como documento complementario.

Ante la nota denegatoria antes transcrita, el Caguas Federal Savings procedió a presentar nuevamente la escritura el día 29 de agosto de 1974. Esta vez la acompañó de unas declaraciones juradas acreditativas de que el deudor hipote-

cario había sido emplazado y notificado de la sentencia en su contra mediante edictos publicados en el periódico El Día. Además acompañó otra declaración jurada acreditativa de que la subasta había sido notificada mediante un edicto dirigido al portador de un pagaré por ocho mil dólares garantizado con hipoteca sobre la misma propiedad. Este último edicto había sido publicado en el Tablón de Edictos del Tribunal Superior de Puerto Rico, Sala de San Juan; en la Colecturía de San Juan; en el Municipio de San Juan y en una escuela pública de Hato Rey. El 2 de enero de 1975 el Caguas Federal Savings recogió el documento en el Registro de la Propiedad, enterándose entonces de la siguiente nota:

"Inscrito este documento que es una copia de la escritura Núm. 310 otorgada en San Juan el 8 de junio de 1972, ante el Notario Rafael Rodríguez Ema, al folio 185 vuelto del tomo 230 de Río Piedras Norte, finca #565, inscripción 8ª. afecta a mención de servidumbre de un manantial, a condiciones restrictivas sobre edificación y a dos hipotecas en garantía de pagarés al portador por $8,000.00 y $5,000.00 respectivamente. San Juan, Puerto Rico, a 30 de octubre de 1974."

El día 21 de enero de 1975 el Caguas Federal Savings recurrió ante nos por la vía gubernativa suplicando que ordenásemos la cancelación del gravamen posterior en garantía del pagaré al portador por ocho mil dólares. Un mes después compareció el Registrador alegando que él estuvo justificado en denegar la cancelación del gravamen posterior debido a que los documentos que tuvo ante sí al hacer la calificación no eran suficientes para permitirle hacer lo solicitado ya que no incluían un mandamiento judicial ordenando las cancelaciones de modo específico.

Debido a que el recurrente no nos ha puesto en condiciones de determinar lo contrario, parece surgir de autos que estamos impedidos de resolver el presente recurso en sus méritos debido a que carecemos de jurisdicción para hacerlo. En 30 L.P.R.A. sec. 1773, se dispone lo siguiente:

"Si el interesado recogiere el documento, podrá presentarlo ante el Tribunal dentro de los 20 días siguientes a la notificación de la negativa que debió hacerle el registrador y se decidirá el recurso según dice la sección 1772 de este título."

■ El término de 20 días arriba prescrito es un término jurisdiccional. *Asoc. Fondo Ahorro y Préstamo* v. *Registrador*, 51 D.P.R. 486 (1937); *Rodríguez Juliá* v. *Registrador*, 99 D.P.R. 275 (1970).

Como podrá observarse, la primera nota del Registrador con fecha del 29 de mayo de 1974 contenía una referencia a 30 L.P.R.A. sec. 221 lo cual corresponde al Art. 125 de la Ley Hipotecaria. Este artículo considera extinguido y autoriza la cancelación de créditos hipotecarios posteriores a aquél en virtud del cual se ha procedido a la venta judicial previo oportuno mandamiento judicial a esos efectos.

■ Si bien es cierto que la primera nota del Registrador es clara en cuanto a que no se había acreditado la notificación de los acreedores posteriores y muy poco clara en cuanto a cualquier defecto relacionado con el Art. 125 de la Ley Hipotecaria, también es cierto que al citar 30 L.P.R.A. sec. 221 se indicó este fundamento. (¹)

■ No habiendo acudido ante nos la recurrente dentro de los 20 días posteriores a la notificación de la nota del 29 de mayo de 1974 ni surgiendo de autos que la recurrente hubiera tratado de subsanar ante el Registrador el defecto señalado dentro de los mismos 20 días, *Autoridad de Tierras* v. *Registrador*, 65 D.P.R. 513 (1945), debemos concluir que carecemos de jurisdicción para atender el recurso.

*Se desestimará el recurso.*

El Juez Asociado, Señor Marco A. Rigau, no participó.

---

(¹) Recalcamos una vez más que las notas de los Señores Registradores deben ser concisas pero claras y expresas de manera que las partes afectadas puedan determinar con facilidad las objeciones señaladas. *Julio Godreau Co.* v. *Registrador*, 23 D.P.R. 65 (1915); *Torres* v. *Registrador*, 75 D.P.R. 128 (1953).